## 44869. ENNIS v. ATLAS FINANCE COMPANY.

HALL, Presiding Judge. Plaintiff finance company sued for a deficiency balance and attorney's fees on a conditional-sale contract and note given by defendant to an automobile dealer and subsequently assigned to plaintiff. The defendant appeals from a judgment for the plaintiff.

1. Defendant enumerates as error the direction of a verdict for plaintiff in the amount for which it sued. The evidence shows: The car was purchased from Graham's New and Used Cars in late June of 1964. Because of a dispute between defendant and Graham over the condition of the car, defendant refused to pay the first instalment of the note, due on August 1. Plaintiff repossessed the car on August 25 and turned it back over to Graham for storage. Plaintiff's manager testified that on September 22 he wrote a letter to defendant notifying him the car would be privately sold on September 25. Defendant said that he never received such a letter. On September 25, plaintiff itself bought in the car for $1,610. At some unspecified time plaintiff telephoned four auto dealers and asked them to go by Graham's and inspect the car, telling them it had a bad motor. Some time in late September two bids lower than plaintiff's were received from these contacts. On October 30, Graham sold the car for $2,472 to a

completely new purchaser. On November 30, plaintiff gave Graham a bill of sale, received in payment $1,975 and credited defendant's account for this amount.

Defendant contends there are contested issues of fact, i.e., whether plaintiff complied with *Code Ann.* § 109A-9—504 (disposition of collateral) and which was the true "sale" for the purpose of determining the amount to credit defendant's account. The evidence raised questions concerning the commerical reasonability of the method of sale and the reasonability of the notice of sale. Both are required under *Code Ann.* § 109A-9—504. Plaintiff's suggestion that defendant was willing to contractually waive these provisions is without merit. *Code Ann.* § 109-9—501 (3) specifically states they may not be waived or varied.

Assuming without deciding that the required notice was sent, it is the jury's province to determine whether a two-day notice was reasonable. The jury should also decide which of the three transactions was in fact the "disposition of collateral."

Plaintiff contends that its own bid and buy-in of September 25 was prohibited by statute and so must be disregarded; that a foreclosure sale was made to Graham some time in late September or early October; that any sale Graham might have subsequently made was not pertinent; and therefore only the one sale may be considered.

While there is some testimony to support this position, the only documentary evidence in the record shows a transfer by plaintiff to Graham one month after the car had been sold to a third person. The evidence does not demand the finding advocated by plaintiff. Having determined when and to whom the disposition occurred, the jury may then pass upon its commercial reasonableness, considering the method, time, place and terms. Neither the trial court nor this court should take upon itself such a determination.

Plaintiff's contention that since a defense based on improper foreclosure was not pleaded it should not be considered is without merit. This court will apply the Civil Practice Act as it presently exists. *Byrd v. Ford Motor Co.*, 118 Ga. App. 333 (163 SE2d 327).

Finally, plaintiff contends there was no evidence or contention that a sale at a different time or by another method could have produced a better price. However, the undisputed fact of the October 30 sale for $2,400 is evidence that the car could bring more than the amount credited to plaintiff.

With these issues in dispute, the trial court erred in directing a verdict for plaintiff in the amount alleged due.

2. Defendant contends the court erred in admitting in evidence a copy of a notice of intent to collect attorney's fees allegedly sent to defendant by plaintiff's lawyer. Defendant contends that this is an unsigned carbon copy of a letter, and that without some effort to produce the original or proof that the original was unavailable, it would not be admissible. We disagree. It has long been established that "Where notices are executed in duplicate or otherwise in manifold and one or more of the copies are served while another is retained, the copy so retained is admissible as primary evidence upon an issue as to the service of the notice, notwithstanding the production of the copies served has not been called for by a notice to produce or otherwise." *Savannah Bank &c. Co. v. Purvis*, 6 Ga. App. 275 (3) (65 SE 35).

With further proof of the regular mailing of this notice, a presumption of receipt by defendant arose. *Sullivan Enterprises, Inc. v. Stockton*, 118 Ga. App. 542 (164 SE2d 336). Defendant's testimony that he did not know whether he received it —that he didn't remember that far back—would not be sufficient to rebut the presumption. The court did not err.

3. Defendant contends the court erred in ruling that no agency existed between plaintiff and Graham and in thereafter refusing to allow defendant to introduce evidence of failure of consideration. In attempting to establish an agency relationship between the auto dealer and the plaintiff finance company, defendant was, of course, trying to negate plaintiff's status as a holder in due course in order to raise defenses to the original transaction. In our opinion the evidence offered was insufficient to establish agency. The fact that the dealer and plaintiff had an agreement for doing business under which plaintiff would buy certain approved types of paper and pay a fee to the dealer for procuring such contracts, or the fact that the car went back to the dealer after repossession may, in the trial court's words, raise "some suspicion or conjecture." It may even tend to establish an agency for the drawing of the note or for the resale of the car, but it does not authorize a finding that the dealer was an agent of the plaintiff for the *original sale* of the automobile, the only relationship which would bind plaintiff, as a principal, to any fraud that may have been perpetrated in the sale.

It follows that evidence concerning such a defense is irrelevant and therefore inadmissible in this suit. However, as the trial court pointed out, defendant still has his remedy against the dealer.

*Judgment reversed. Pannell and Quillian, JJ., concur.*

ARGUED NOVEMBER 5, 1969—DECIDED NOVEMBER 18, 1969—
REHEARING DENIED DECEMBER 18, 1969.

*Eva L. Sloan,* for appellant.
*Buford E. Hancock,* for appellee.