## 54550. LOWE et al. v. TERMPLAN, INC.

QUILLIAN, Presiding Judge.

The plaintiffs appeal from the denial of their motion to set aside a judgment entered against them. They contend that the contract on which the prior judgment was based is void for 2 reasons: (1) the instrument, which is controlled by the Industrial Loan Act, Code Ch. 25-3 (Ga. L. 1955, p. 431 et seq.) contains a provision which waives a provision for notice of sale, (2) the provision of the instrument which waives the homestead exemption constitutes an unlawful charge not sanctioned by the Industrial Loan Act. *Held:*

1. The UCC requires that reasonable notice of the sale of repossessed collateral "*shall* be sent by the secured party to the debtor." Code Ann. § 109A-9—504 (3) (Ga. L. 1962, pp. 156, 200). In addition, the UCC provides that the notice requirement of § 109A-9—504 (3) "may not be waived or varied." Code Ann. § 109A-9—501 (3) (b) (Ga. L. 1962, pp. 156, 420). The prohibition against waiver of notice of sale was explicitly upheld by this court in *Ennis v. Atlas Fin. Co.,* 120 Ga. App. 849 (172 SE2d 482).

However, from the record in this case the defendant did not foreclose on or sell any property of the plaintiffs and such waiver provision was not in any way involved in the former suit by the defendant against the plaintiffs which merely sought recovery of the amount due under the loan agreement.

The contract was not illegal but merely contained an unenforceable provision. Thus, Code § 20-305 would not operate to void the entire contract. See Code § 20-112; *Freeman v. Decatur Loan &c. Corp.,* 140 Ga. App. 682 (231 SE2d 409).

2. Waiver of the homestead exemption is expressly permitted by Code § 51-1101. There is no mention of such provision in the Industrial Loan Act. What the Act forbids is that a licensee under the Act shall not "charge, contract for, or receive any other or further amount in connection with any loans authorized by this Chapter, in addition to those hereinbefore provided." Code Ann. § 25-316 (Ga. L. 1955, pp. 431, 442).

The waiver of the homestead exemption does not constitute a further charge within the meaning of this provision.

The trial judge did not err in declining to set aside the prior judgment.

*Judgment affirmed. Shulman and Banke, JJ., concur.*

ARGUED SEPTEMBER 16, 1977 — DECIDED JANUARY 9, 1978 — REHEARING DENIED FEBRUARY 2, 1978 —

*Claudia Tesoro,* for appellants.
*Richard V. Karlberg, Richard K. Greenstein,* for appellee.