## 58410. GEMC FEDERAL CREDIT UNION v. SHOEMAKE.

McMURRAY, Presiding Judge.

This case involves a suit on two promissory notes alleged to be in default. Defendant answered the suit admitting jurisdiction and that he had executed a note to plaintiff but denied any indebtedness was due. He also added defenses of failure to state a claim and that plaintiff had forfeited any right to collect a deficiency on the alleged notes by virtue of plaintiff's failure to follow proper procedure upon sale and disposition of the collateral.

On summary judgment motion by defendant for judgment dismissing him without any costs, the notes appear to be installment notes with collateral in purchased items, i.e., 1 — 1972 Cutlass automobile, 1 — Sears washer and 1 — Sears dryer; all items having serial numbers attached. A letter, dated July 10, 1978, from plaintiff to defendant was sent and received on July 13, 1978, which letter states he had defaulted in his obligations; repossession of the collateral had occurred, and in the event of sale, plaintiff would pursue a deficiency. The letter also advised him of his right to redeem the property and "the right to demand a public sale of said property if you advise us by registered or certified mail in writing . . . within ten (10) days from date of this notice." This was the only notification received.

Plaintiff appeals the grant of the motion which was based on the failure to supply defendant with reasonable notice of any public sale or time after which "any private sale or other intended disposition" was to be made. *Held:*

1. The only information we have that the collateral has been sold is an admission in plaintiff's brief that the "collateral was obtained by repossession and a sale was perfected, after notice of said sale was mailed by certified mail . . ." In selling the collateral without strict compliance with the notice of sale provisions, thereby precluding the purchaser or owner from exercising his right of redemption under Code Ann. § 109A-9—506 (Ga. L. 1962, pp. 156, 425; Ga. L. 1978, pp. 1081, 1133), precludes the second party from a recovery for a

deficiency. *Geoghagan v. Commercial Credit Corp.*, 130 Ga. App. 828 (1) (204 SE2d 784); *Braswell v. American Nat. Bank*, 117 Ga. App. 699, 701 (161 SE2d 420); *Edmondson v. Air Ser. Co.*, 123 Ga. App. 263 (1) (180 SE2d 589); *Gurwitch v. Luxurest Furn. Mfg. Co.*, 233 Ga. 934, 936 (214 SE2d 373). See also *Barnett v. Trussell Ford, Inc.*, 129 Ga. App. 176, 178 (198 SE2d 903). Compare *Moody v. Nides Fin. Co.*, 115 Ga. App. 859 (3) (5) (156 SE2d 310).

2. The suit, although based on defaults in payment of two notes, has now been shown by subsequent events to be one for a deficiency after a sale of the collateral. While defendant was notified by certified mail that in the event of sale the plaintiff would pursue a deficiency claim, this notice did not advise defendant of any contemplated sale, either public or private. Accordingly, compliance with Code Ann. § 109A-9—504 (3) (Ga. L. 1962, pp. 156, 422; 1978, pp. 1081, 1130) ("reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor") is a condition precedent to recovery of any deficiency and none was given.

The above is true despite the terms of the agreement that upon default creditor may take possession of said property wherever found and "without notice, sell said property at public or private sale, acting as . . . agent." The notice requirement of Code Ann. § 109A-9—504(3), supra, "may not be waived or varied." See Code Ann. § 109A-9—501(3) (Ga. L. 1962, pp. 156, 420; 1978, pp. 1081, 1128); *Lowe v. Termplan, Inc.*, 144 Ga. App. 671 (242 SE2d 268); *Ennis v. Atlas Fin. Co.*, 120 Ga. App. 849, 850 (1) (172 SE2d 482).

3. But a debtor may "sign after default a statement renouncing or modifying his right to notification of sale." See Code Ann. § 109A-9—504 (3), supra. True, plaintiff is only insisting that there was compliance with Code Ann. § 109A-9—504 (3), supra, in that there was proper notice, and not that there was any waiver. However, on consideration of a motion for summary judgment, the movant must show that no genuine issue as to any material fact remains, and that movant is entitled to judgment as a matter of law in order for

judgment to be forthwith entered in movant's favor. Defendant has not shown that he has not renounced or modified his right to notification of sale, in which case no notification would be necessary. Accordingly, the court erred in awarding summary judgment to defendant despite failure of the written notification above.

*Judgment reversed. Banke and Underwood, JJ., concur.*

ARGUED SEPTEMBER 25, 1979 — DECIDED OCTOBER 11, 1979.

*James B. Drew, Jr.,* for appellant.
*Lynwood D. Jordan, Jr.,* for appellee.