61201. HARDIN et al. v. NORLIN MUSIC, INC.

SHULMAN, Presiding Judge.

Appellants bring this appeal from the denial of their motion for new trial. We affirm.

Appellants own and operate a retail music store in Macon, Georgia. As one facet of their business, appellants purchased pianos and organs from appellee for display and eventual resale to their customers. The pianos and organs were purchased from appellee under the terms of a security agreement giving appellee a security interest in all items of inventory, equipment, accessories and products in appellants' store. Appellants defaulted on certain payments due under the security agreement, and appellee took possession of a number of items of appellants' inventory pursuant to the terms of that agreement. The items taken were purchased by appellee for $27,850 at a foreclosure sale held on September 7, 1977. Appellants' outstanding debt was then credited in that amount. Since the credit was substantially less than the total debt, however, appellee commenced the instant action to recover the unpaid balance of the debt.

At trial, both parties moved for a directed verdict. The trial court denied appellants' motion and directed a verdict for appellee. Judgment for $21,584 was entered in favor of appellee, and appellants' subsequent motion for new trial was denied.

1. In their first enumeration of error, appellants contend that

the trial court erred in granting a directed verdict to appellee because a jury question existed on the issue of the commercial reasonableness of the sale. We find no merit in appellants' argument.

When the commercial reasonableness of a sale of collateral is challenged, the secured party has the burden of proving the sale was commercially reasonable. *Granite Equip. Leasing Corp. v. Marine Dev. Corp.,* 139 Ga. App. 778 (230 SE2d 43). "A sale is commercially reasonable where it is done in public, during business hours, upon adequate notice within a reasonable time of repossession, and under conditions reasonably calculated to bring a fair market price." Personal Jet, Inc. v. Callihan, 624 F2d 562, 568 (29 UCC Rep Serv 1012, 1019) (5th Cir. 1980). Where an advertised sale is held as scheduled, and the proper notice is given, any person has a right to enter a competitive bid. The opportunity for competitive bidding is established and that is all that is required under the Uniform Commercial Code even if no third party bid at the sale. Shields v. Bobby Murray Chevrolet, Inc., 28 UCC Rep. Serv. 282, 286 (44 N.C. App. —) (1980).

The secured party here, Norlin Music, Inc., presented evidence that it obtained a writ of possession against appellants; that the sale was advertised publicly and conducted in compliance with Code Ann. § 109A-1 — 201 (31A); that proper notice was given to Hardin; that various bids (including appellants' and appellee's) were taken at the public sale; that the bid accepted (appellee's) was greater than the value of the goods at the time of repossession; and that Norlin Music later sold the collateral for an amount less than the final bid.

To counter the strong showing of commercial reasonableness made by appellee, appellants showed that the UCC financing statement filed to protect appellee's security interest indicated an assignment of the security interest to a third party. We do not find that sufficient to create a question of fact as to the commercial reasonableness of the sale. "The notice itself (i.e., the financing statement) indicates merely that the secured party who has filed may have a security interest in the collateral described. Further inquiry from the parties concerned will be necessary to disclose the complete state of affairs." Official Comment to § 9-402 of the Uniform Commercial Code. Inquiry in the present case would have shown that the assignee had no interest in the collateral.

We believe that to hold otherwise would impose an unreasonable burden on creditors asserting their rights by way of repossession and sale. The burden is on the secured party to show that the sale was conducted in a reasonable fashion; appellee did so here. To go further and require the secured party to rebut a mere supposition that the bidding *may* have been chilled would be unfair. We decline to do so.

Appellee met its burden and appellants failed to produce any evidence that the bidding was, in fact, chilled. No jury question was created such as would render the direction of a verdict for appellee error.

2. Appellants next assert that the trial court erred in overruling their motion for new trial because "[t]he trial court directed a verdict for appellee, and in so doing, failed to allow the jury to determine if the amount of the indebtedness claimed by appellee was the correct amount that was due to appellee after all proper credits were given to appellants." This assertion is unpersuasive.

At trial, appellee introduced a computerized statement of appellants' outstanding debt on their account with appellee. Appellants do not contend on appeal that the statement was inadmissible, but rather that the statement was not entitled to sufficient weight as evidence to authorize a directed verdict for appellee in the face of testimony by appellant Bill Hardin that the debt set out in the statement was inaccurate. However, appellants failed to support with evidence their contention that the computerized statement was incorrect, neither demonstrating the proper debt figure nor attacking the specifics of appellee's figure. Since appellants relied on conclusions and failed to submit proof on the issue of the actual amount of the debt owed to appellee, the direction of a verdict against them was not erroneous on the ground asserted in their second enumeration of error. See e.g., *Studstill v. American Oil Co.,* 139 Ga. App. 54 (228 SE2d 8).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED JUNE 19, 1981 —
REHEARING DENIED JULY 7, 1981.

*Carl J. Wilson, Jr.,* for appellants.
*Thomas C. James III,* for appellee.