63491. ZOHBE v. FIRST NATIONAL BANK OF COBB COUNTY.

SOGNIER, Judge.
First National Bank of Cobb County sued Zohbe for deficiency following the repossession of Zohbe's automobile. The trial court

directed a verdict in favor of the bank in the amount of $2,019.92, plus attorney's fees and costs. Zohbe's motion for new trial was denied and he appeals.

1. Appellant contends that the trial court erred in directing a verdict in favor of appellee because the bank failed to prove the fair and reasonable value of the automobile at the time of the resale. We agree and reverse.

Code Ann. § 109A-9—504 (3) requires that collateral be disposed of in a commercially reasonable manner, including that the terms of the sale of the collateral were fair and reasonable. Where the sole defect in the sale of collateral is the adequacy of the sale price, a creditor is not barred from obtaining a deficiency judgment; however, the creditor must overcome the presumption that the value of the collateral equals the debt on it. This presumption is overcome by proving the fair and reasonable value of the collateral. *Farmers Bank v. Hubbard,* 247 Ga. 431, 436 (276 SE2d 622) (1981). The creditor in the instant case presented testimony from a bank employee that three dealers had bid on the automobile and that it sold to the highest bidder at $1,300. This was the only proof offered by the bank with regard to value. Proof of the price brought at public sale is not sufficient to overcome the presumption against the creditor that the value of the collateral equals the debt on it. Foreclosure sales are forced sales and notoriously fail to bring the true market price of the article. Cost alone is never proof of market value. *Hubbard v. Farmers Bank,* 155 Ga. App. 720 (272 SE2d 510) (1980). Hence, the trial court erred in directing a verdict in favor of the bank when it failed to prove the fair and reasonable value of the collateral.

2. Appellant also contends that it was error for the trial court to exclude his own opinion testimony on the value of the automobile. While we agree with appellant that he is entitled to give his opinion as to value provided that he gives his reasons for forming that opinion, Code Ann. § 38-1709; *Varnedoe v. Singleton,* 154 Ga. App. 332 (268 SE2d 387) (1980), appellant failed to proffer any evidence as to what his opinion as to value actually was. "On direct examination, to afford a basis for the assertion of error, it must appear that a pertinent question was asked, that the court ruled out an answer, that a statement was made to the court at the time showing what the answer would be, and that such testimony was material and would have benefited the complaining party." *Foster v. National Ideal Co.,* 119 Ga. App. 773 (168 SE2d 872) (1969). There is nothing in the record to indicate that appellant proffered his opinion as to value. Thus, there is nothing in this regard for us to review on appeal.

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

DECIDED JUNE 17, 1982.

*Patrick H. Head,* for appellant.
*Ernest H. Woods III,* for appellee.