### 64681. SLAUGHTER et al. v. FORD MOTOR CREDIT COMPANY et al.

BIRDSONG, Judge.

The trial court granted summary judgment to Ford Motor Credit Company (Ford) for deficiency judgment against the debtor Slaughter following Ford's repossession of Slaughter's automobile and its sale at private sale. Slaughter appeals. *Held:*

The sole question on appeal is whether the question of commercial reasonability of a sale pursuant to Code Ann. § 109A-9—504 (3) is always a jury question, or may be determined by the trial court as a matter of law on motion for summary judgment.

Appellant contends the trial court can never grant summary judgment on the issue of commercial reasonability. In *Ennis v. Atlas Finance Co.,* 120 Ga. App. 849, 850 (172 SE2d 482), we stated: "Having determined when and to whom the [sale] occurred, the jury may then pass upon its commercial reasonableness, considering the method, time, place, and terms. Neither the trial court nor this court should take upon itself such a determination." However, this statement in *Ennis* refers to the inappropriateness of a directed verdict for the creditor when the evidence raised questions concerning the commercial reasonability of the notice and method of sale. Determination of material issues of fact should always be left to the jury, and are not a proper subject of directed verdict or summary judgment. Code Ann. §§ 81A-150 (a); 81A-156. Appellant also cites *Gordon v. Weldon,* 154 Ga. App. 531, 532 (268 SE2d 796), for its supporting statement that *Ennis,* supra, holds "it is for the jury to determine the commercial reasonableness of a private sale of collateral under Ga. UCC § 9-504." In fact the *Gordon* decision means only that a trial judge may not confirm the sale of personalty under Code Ann. § 109A-9—504 as if it were governed by laws pertaining to confirmation of private sales of real property, which laws permit the trial judge to determine issues of fact. Code Ann. § 67-1503 et seq.

The commercial reasonability of a sale of personalty under Code

Ann. § 109A-9—504 is as appropriate a subject of summary judgment as any other issue triable by a jury. Ultimately the commercial reasonability of a sale of repossessed collateral may be a question of law; where the creditor shows prima facie that the sale was reasonable, to prevent summary judgment the debtor must support his challenge to the sale by asserting specific facts showing there is a genuine issue for trial. See *Hardin v. Norlin Music,* 159 Ga. App. 167, 168 (283 SE2d 21); Code Ann. § 81A-156 (c) and (e). See also *BVA Credit Corp. v. May,* 152 Ga. App. 733, 734 (264 SE2d 32).

The appellee Ford Motor Company established by pleadings and affidavits that the sale of this repossessed automobile at the Atlanta Auto Auction was reasonable (see *Richard v. Fulton Nat. Bank,* 158 Ga. App. 595 (281 SE2d 338)). Appellant Slaughter showed nothing in dispute of this prima facie showing, except its general denial of reasonableness. Appellee Ford was entitled to summary judgment in the case. Code Ann. § 81A-156.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED OCTOBER 26, 1982 —
REHEARING DENIED NOVEMBER 17, 1982 — 

*G. Hughel Harrison, Samuel H. Harrison,* for appellants.
*Daniel F. Bridgers,* for appellees.