## 70329. HARRISON v. MASSEY-FERGUSON CREDIT CORPORATION.
### (334 SE2d 352)

POPE, Judge.

On three occasions, Bennie Harrison, appellant, gave Davis Tractor Company retail installment contracts pledging farm machinery as security for $7,000, $51,000, and $55,000. Appellee, Massey-Ferguson Credit Corporation, an assignee of the installment contracts by Davis Tractor, repossessed the machinery when appellant defaulted on the contracts. Appellee notified appellant by certified mail that the farm machinery would be sold at a private sale after October 12, 1983. The machinery was thereafter sold for $48,875 and in December 1983 appellee sued appellant for a deficiency of $74,908.16 plus attorney fees of $12,403.32.

In his defense appellant alleged that appellee failed to comply with the Uniform Commercial Code requirements of Georgia law in conducting a private sale of the repossessed property. Appellant counterclaimed for $75,000 alleging that he did not sign one of the contracts. In addition, appellant alleged that Wilborn Davis, owner of Davis Tractor and acting as agent for appellee, told appellant that the machinery would be properly serviced and maintained. According to appellant, because Davis failed to continue doing business, his machinery could not be serviced or repaired and, therefore, appellant lost money on his soybean and wheat crops.

In response to appellee's motion for summary judgment, appellant stated in his affidavit that of the three installment contracts, one was signed by him, one was signed in blank to be filled out later, and one contained a forged signature. Appellant also stated that the farm machinery was not disposed of in a commercially reasonable manner because it was sold at wholesale prices as part of the foreclosure sale of Davis Tractor. According to appellant, since appellee disposed of the property in this manner, appellee could not have expected to receive the value of the machinery.

Prior to the hearing on the summary judgment motion, appellee amended its complaint by reducing the judgment demanded, deleting the claim for the balance due under the contract containing the alleged forged signature. The trial court granted appellee's motion for summary judgment on the amended complaint and on appellant's counterclaim, and appellant appeals alleging that order as the sole error.

1. Appellant alleges inter alia that the trial court erred because

there remains a genuine issue regarding the reasonableness of the disposition of the machinery and such issue is question for the jury. The issue of the commercial reasonableness of a sale of collateral is an appropriate subject for summary judgment as is any other issue triable by a jury. The issue may be a question of law when the secured creditor shows prima facie evidence that the sale was reasonable and the debtor fails to assert specific facts showing there is a genuine issue for trial. *Slaughter v. Ford Motor Credit Co.*, 164 Ga. App. 428 (296 SE2d 428) (1982). When the party moving for summary judgment makes a prima facie showing that it is entitled to judgment as a matter of law, the opposite party must come forth with rebuttal evidence at that time. *Herman v. Walsh*, 154 Ga. App. 712 (269 SE2d 535) (1980). In the case at bar, we find that appellee did not show prima facie evidence that the sale was reasonable, and, therefore, appellant did not have the burden to set forth specific facts showing that a genuine issue exists.

A secured creditor has the right to dispose of repossessed collateral at a private sale if the method, time, place, and terms of the sale are commercially reasonable. OCGA § 11-9-504 (3). When the reasonableness of the sale is challenged, the seller of the collateral has the burden of proving that the sale was reasonable. A secured creditor who fails to meet this burden is barred from recovering any deficiency between the sale price and the debt. *Farmers Bank v. Hubbard*, 247 Ga. 431 (276 SE2d 622) (1981). The fact that a better price could have been obtained by a sale at a different time or in a different manner, however, will not itself make a sale commercially unreasonable. OCGA § 11-9-507 (2).

In establishing that the disposition was reasonable, the seller must affirmatively show that the resale price was the fair and reasonable value of the collateral. Failure to prove that the resale price was the reasonable value of the collateral at the time of repossession and that the value of the collateral did not equal the value of the debt results in a presumption that the resale price equaled the debt. *Richard v. Fulton Nat. Bank*, 158 Ga. App. 595 (281 SE2d 338) (1981); *Granite Equip. Leasing Corp. v. Marine Dev. Corp.*, 139 Ga. App. 778 (1) (230 SE2d 43) (1976). In the case at bar, appellee merely showed that it solicited bids, that the total of the highest bids for each item was $48,875, and that the property was sold for that amount. This is insufficient to show the commercial reasonableness of the price received for the machinery. In *Zohbe v. First Nat. Bank, Cobb County*, 162 Ga. App. 604 (1) (292 SE2d 444) (1982), the creditor presented testimony that three bids were taken on the repossessed property and that the highest bid was accepted. This was the only evidence offered by the creditor regarding value. The court in *Zohbe* reversed the trial court's directed verdict in favor of the creditor holding: "Proof of the

754

price brought at public sale is not sufficient to overcome the presumption against the creditor that the value of the collateral equals the debt on it. Foreclosure sales are forced sales and notoriously fail to bring the true market price of the article. Cost alone is never proof of market value. [Cit.]" *Zohbe,* supra at 605. Appellee has failed to prove the value of the machinery at the time of the sale and that the value at that time did not equal the debt. Therefore, appellee has failed to establish that there is no genuine issue of material fact and the trial court's granting of summary judgment was in error. Cf. *Wood v. First Nat. Bank, Commerce,* 167 Ga. App. 202 (305 SE2d 852) (1983) (prima facie showing of commercial reasonableness made where witness gave opinion of value of property at time of repossession and sale price fell within the range of the evidence).

Since the trial court's granting of the summary judgment on appellee's claim is reversed on this ground, we need not address appellant's remaining contentions that other genuine issues remain.

2. Appellant does not challenge on appeal the trial court's ruling in favor of appellee on the counterclaim. Therefore, summary judgment as to this issue is affirmed.

*Judgment affirmed in part; reversed in part. Deen, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 4, 1985.

*H. Dale Thompson,* for appellant.
*James V. Hilburn,* for appellee.