## 76803. McMILLIAN v. BANK SOUTH, N.A.
(373 SE2d 61)

POPE, Judge.

This appeal follows the trial court's grant of summary judgment to plaintiff Bank South in an action to obtain a deficiency judgment after the sale of repossessed collateral.

1. McMillian first contends Bank South failed to use reasonable care in preserving the value of the collateral, as required by OCGA § 11-9-207. As to this issue, Bank South's business records show that at the time it took possession of the car it was in poor (inoperable) condition; this evidence was refuted only by McMillian's unsupported and conclusory allegation that the car was not "junk" at the time of repossession. In addition, there is no evidence of record that the value

of the car decreased while it was in Bank South's possession. Thus, we find no merit to McMillian's contention that Bank South failed to use reasonable care in preserving the value of the car.

We also find no merit to McMillian's argument that Bank South had a duty to repair her automobile. As stated above, Bank South's duty with respect to the collateral is set forth in OCGA § 11-9-207. That section requires only that a creditor use reasonable care to preserve the value of the collateral; it does not impose a duty to increase the value of the collateral. Finally, we note that any rights McMillian may have against the automobile dealership who sold her the car are irrelevant to this proceeding.

2. McMillian also challenges the commercial reasonableness of the sale. "OCGA § 11-9-504 (3) provides that disposition of the collateral 'may be by public or private proceedings . . . but every aspect of the disposition including the method, manner, time, place, and terms must be commercially reasonable.' " *Carter v. First Fed. &c. Assn.*, 179 Ga. App. 532, 536 (347 SE2d 264) (1986). Commercial reasonability is an appropriate subject of summary judgment when the secured creditor makes a prima facie showing that the sale was reasonable and the debtor fails to assert specific facts showing a genuine issue for trial. *Slaughter v. Ford &c. Co.*, 164 Ga. App. 428 (296 SE2d 428) (1982).

In the case at bar, Bank South has shown, by way of affidavit, that the collateral was disposed of at a private auction by a recognized automobile auction company according to standard practice and procedure for sales of this kind. Bank South has disposed of collateral in this manner on a weekly basis for 11 years. "If a secured party disposes of the collateral in conformity with the usual commercial practices among dealers in that type of property, he has sold it in a commercially reasonable manner. OCGA § 11-9-507 (2), generally; *Farmers Bank &c. v. Hubbard*, 247 Ga. 431 (276 SE2d 622) (1981)." *Carter* at 536. Because McMillian has offered no evidence to the contrary, we agree the trial court correctly concluded that the method and manner of sale were commercially reasonable.

McMillian, however, also challenges the adequacy of the sale price. The creditor has the burden of proving that the "terms" of the sale were reasonable and this includes proof that the resale price was fair and reasonable. The value of the collateral is presumed to be the value of the debt; however, this presumption can be rebutted by evidence of fair and reasonable value. *First Nat. Bank v. Rivercliff Hardware*, 161 Ga. App. 259 (287 SE2d 701) (1982).

In the case at bar Bank South's appraiser averred that the fair and reasonable value of the car was $500 at the time of repossession. This appraisal was supported by a report on the vehicle's condition and by the Used Car Trade-In Guide, which provided that the value

of similar cars in "rough" condition is $675. The car here was not only in "rough" condition but was completely inoperable.

The car was sold for $350, $150 less than the value assigned by the Bank's appraiser. Although the fact that a better price could have been obtained by sale at a different time or in a different manner will not itself make a sale commercially unreasonable, OCGA § 11-9-507 (2); *Harrison v. Massey-Ferguson Credit Corp.*, 175 Ga. App. 752 (1) (334 SE2d 352) (1985), when the resale price is less than the fair and reasonable value, "the creditor is entitled to a deficiency judgment in the amount of the debt (plus or minus any payments or changes properly applicable to the disposition) less the *fair and reasonable value* of the collateral proved by the creditor." *Farmers Bank v. Hubbard*, 247 Ga. 431, 437 (276 SE2d 622) (1981). (Emphasis supplied.) See also *First Nat. Bank v. Rivercliff*, supra at 260. In calculating the amount of the deficiency judgment in the present case, the trial court used the resale price rather than the fair and reasonable value. Consequently, the case must be remanded to the trial court and the judgment reduced by $150, the difference between the fair and reasonable value and the resale price.

3. Contrary to McMillian's final enumeration, no genuine issues of fact preclude the grant of summary judgment in the case at bar.

*Judgment affirmed and case remanded. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 9, 1988.

*Charles E. Price*, for appellant.
*Susan L. Howick*, for appellee.