A89A1027. WALKER et al. v. MODNAR CORPORATION.
(389 SE2d 558)

POPE, Judge.

Appellee Modnar Corporation leased seven minibuses to MTW Enterprises, Inc. Appellants Pamela Li Walker and Larry Walker, officers of MTW, personally guaranteed the leases. MTW defaulted and Modnar repossessed the collateral and sold it. Modnar then brought this action in effect seeking a deficiency balance. The leases were treated by the trial court as secured sales and this point is not contested on appeal. After trial with a jury, Modnar received a verdict and judgment in the amount of $77,053.11. The Walkers appeal, raising five enumerations of error. *Held*:

We reverse. We need address only one of the enumerations of error. The Walkers argue that the trial court erred in failing to grant their motion for directed verdict, or in the alternative for judgment notwithstanding the verdict, because Modnar failed to prove the fair and reasonable value of the vehicles at the time of sale. We agree. The record shows that the only evidence of value of the vehicles was the offers received after the default by Dr. Dickerson, Modnar's president, upon his solicitation of some fifteen individuals nationwide, and the actual price paid at the sale of the vehicles. This is not sufficient to establish fair and reasonable value.

"A secured creditor has the right to dispose of repossessed collateral at a private sale if the method, time, place, and terms of the sale are commercially reasonable. OCGA § 11-9-504 (3). When the reasonableness of the sale is challenged, the seller of the collateral has the burden of proving that the sale was reasonable. A secured creditor who fails to meet this burden is barred from recovering any deficiency between the sale price and the debt. *Farmers Bank v. Hubbard*, 247 Ga. 431 (276 SE2d 622) (1981). The fact that a better price could have been obtained by a sale at a different time or in a different man-

ner, however, will not itself make a sale commercially unreasonable. OCGA § 11-9-507 (2).

"In establishing that the disposition was reasonable, the seller must affirmatively show that the resale price was the fair and reasonable value of the collateral. Failure to prove that the resale price was the reasonable value of the collateral at the time of repossession and that the value of the collateral did not equal the value of the debt results in a presumption that the resale price equaled the debt. *Richard v. Fulton Nat. Bank*, 158 Ga. App. 595 (281 SE2d 338) (1981); *Granite Equip. Leasing Corp. v. Marine Dev. Corp.*, 139 Ga. App. 778 (1) (230 SE2d 43) (1976). In the case at bar, [Modnar] merely showed that it solicited bids . . . and that the property was sold for that amount. This is insufficient to show the commercial reasonableness of the price received for the machinery. In *Zohbe v. First Nat. Bank, Cobb County*, 162 Ga. App. 604 (1) (292 SE2d 444) (1982), the creditor presented testimony that three bids were taken on the repossessed property and that the highest bid was accepted. This was the only evidence offered by the creditor regarding value. The court in *Zohbe* reversed the trial court's directed verdict in favor of the creditor holding: 'Proof of the price brought at public sale is not sufficient to overcome the presumption against the creditor that the value of the collateral equals the debt on it. Foreclosure sales are forced sales and notoriously fail to bring the true market price of the article. Cost alone is never proof of market value. (Cit.)' *Zohbe*, supra at 605." *Harrison v. Massey-Ferguson Credit Corp.*, 175 Ga. App. 752, 753-754 (334 SE2d 352) (1985).

It follows that Modnar failed to rebut the presumption that the amount received at resale equaled the debt and the Walkers were entitled to a directed verdict.

*Judgment reversed. Banke, P. J., and Sognier, J., concur.*

DECIDED DECEMBER 5, 1989 —
REHEARING DENIED DECEMBER 20, 1989 —

*Abraham A. Sharony*, for appellants.
*Weinstein, Rosenthal & Robin, Michael S. Rosenthal*, for appellee.