S89A0375. CONTESTABILE v. BUSINESS DEVELOPMENT CORPORATION OF GEORGIA.
(387 SE2d 137)

CLARKE, Chief Justice.

This appeal arises from an action by Robert Contestabile for a declaratory judgment and injunctive relief. Contestabile sought (1) a declaration that his personal guarantee of a debt owed to Business Development Corporation had been satisfied; and (2) an order enjoining foreclosure on his property. He alleged that Business Development Corporation held a commercially unreasonable private sale of primary collateral on a certain debt and that the debt should therefore be considered cancelled and satisfied. The trial court granted a temporary injunction, but, after a hearing, denied permanent relief. The court held that Business Development's right to foreclose on Contestabile's house had vested and would not be affected even if the sale of assets were commercially unreasonable. Contestabile appeals. For the reasons stated below, we vacate the court's order and remand.

1. In *Emmons v. Burkett*, 256 Ga. 855 (353 SE2d 908) (1987), we held that whenever a creditor conducts a commercially unreasonable foreclosure sale of collateral or a sale of collateral without notice as required by OCGA § 11-9-504 (3), a rebuttable presumption that the value of the collateral sold is equal to the indebtedness is created. The burden is then on the creditor to show the propriety of the sale. Id. at 859. If the sale is determined to be commercially unreasonable, the creditor loses not merely the right to recover a personal judgment against the debtor, but also the right to recover the deficiency. *Reeves v. Habersham Bank*, 254 Ga. 615 (331 SE2d 589) (1985). In other

words, if the creditor conducts a commercially unreasonable sale, he or she is barred from proceeding against other collateral pledged for the debt and/or from seeking a deficiency judgment against the debtor or the guarantor. Id.; see also *United States v. Kennedy*, 256 Ga. 345 (348 SE2d 636) (1986).

The controlling issue in this action is whether the sale of collateral conducted by Business Development Corporation was commercially reasonable. If it was commercially unreasonable, Business Development Corporation's rights against the guarantor would have been cut off. The right to foreclose on the house would not have vested. Unfortunately, however, on the basis of the record presently before this court, we cannot determine as a matter of law whether the sale was or was not commercially reasonable. The court below made no finding on this issue. Thus, unless the action is moot, it must be remanded for further proceedings.

2. Business Development Corporation argues that this appeal is moot because the foreclosure sale of Contestabile's house has already taken place. We cannot conclude that this appeal is moot for two reasons. First, the facts regarding the foreclosure are not contained in the record before the court. We therefore make no determination with regard to whether the action for injunctive relief may be moot. Second, Business Development Corporation acknowledges in its brief that it is proceeding against Contestabile in another deficiency action in Cobb County. Thus, it appears that the declaratory judgment action is not moot.

3. Finally, the parties dispute whether Contestabile is entitled to a jury trial on the issue of commercial reasonableness. We do not reach this issue as it was not raised or ruled on in the court below.

In sum, because the trial court made no finding with regard to the issue of commercial reasonableness, the order of the trial court is vacated and the case is remanded for further proceedings consistent with this opinion.

*Case remanded. All the Justices concur.*

DECIDED JANUARY 12, 1990.

*O'Callaghan, Saunders & Stumm, Richard L. Stumm, Barbara J. Lukes,* for appellant.

*Lefkoff, Duncan, Grimes & Dermer, John R. Grimes,* for appellee.