## S92A0161. BUSINESS DEVELOPMENT CORPORATION OF GEORGIA, INC. v. CONTESTABILE.

### (413 SE2d 447)

CLARKE, Chief Justice.

Appellant in this case contends that the trial court erred in entering a pretrial order that stated that the legal authority of *Contestabile v. Business Dev. Corp. of Ga.*, 259 Ga. 783 (387 SE2d 137) (1990), is controlling precedent in this action and must be followed to the extent that it is in conflict with an earlier precedent, *Emmons v. Burkett*, 256 Ga. 855 (353 SE2d 908) (1987). Although the trial court was undoubtedly correct that the later opinion of this court would necessarily control, *In re Irvin*, 254 Ga. 251 (328 SE2d 215) (1985), we granted this petition for certiorari to explain the holding of *Contestabile* and remove any confusion arising from an apparent conflict with *Emmons*.

In *Emmons*, supra, we held that when a creditor forecloses on secured property without the statutorily required notice to the debtor, or when the creditor conducts a commercially unreasonable sale, a rebuttable presumption is created that the value of the collateral is equal to the indebtedness. The creditor may rebut the presumption by introducing (1) evidence of the fair and reasonable value of the secured property, and (2) evidence that the value of the collateral was less than the debt. If the creditor rebuts the presumption, he may maintain an action against the debtor or guarantor for the deficiency (the difference between the fair and reasonable value of the collateral and the amount of the debt). Any loss suffered by the debtor as a result of the failure to give notice or the commercially unreasonable sale is recoverable under OCGA § 11-9-507 and may be set off against the deficiency.

*Contestabile*, supra, involved a creditor who was seeking to recover against a guarantor after having sold the primary collateral without notice to the debtor or guarantor. The guarantor contended that the collateral had been sold at a commercially unreasonable sale — below fair market value. We could not ascertain from the record whether the sale was indeed commercially unreasonable and whether the creditor had rebutted the presumption that arises from a commercially unreasonable sale. It appeared, however, that the trial court had not considered the *Emmons* rebuttable presumption rule. The intent of our opinion was to remand for proceedings consistent with *Emmons*, supra. Apparently, because we did not restate the entire *Emmons* rule, the opinion created some confusion. We said that if the creditor conducts a commercially unreasonable sale, he loses the right to recover the deficiency against the debtor or the guarantor. *Contestabile*, 259 Ga. at 784. A more complete statement of the rule is: If the creditor conducts a commercially unreasonable sale *and* **does not**

**rebut the presumption that the value of the collateral is equal to the indebtedness,** he loses the right to recover the deficiency against the debtor and the guarantor. If the presumption is rebutted, the right to recover the deficiency remains as held in *Emmons.*

In sum, the trial court correctly held that the *Contestabile* opinion, as explained and amplified here, controls in further proceedings in this case.

*Judgment affirmed. Clarke, C. J., Weltner, P. J., Bell, Hunt, Benham and Fletcher, JJ., concur.*

DECIDED FEBRUARY 20, 1992.

*Lefkoff, Duncan, Grimes & Dermer, John R. Grimes,* for appellant.

*Smith, Gambrell & Russell, Richard L. Stumm,* for appellee.