A92A0132. LEE v. TRUST COMPANY BANK.
(418 SE2d 407)

JOHNSON, Judge.

Following the sale of a repossessed automobile, Trust Company Bank initiated a deficiency action against Dorothy Lee (Lee). Lee answered, and the parties filed cross-motions for summary judgment. Lee appeals from the grant of summary judgment in favor of Trust Company Bank and the denial of her motion.

1. Lee alleges that the trial court erred in denying her motion for summary judgment. She contends that Trust Company Bank is not entitled to recover any deficiency because her vehicle was not sold after it was repossessed. The undisputed facts of her case as established by the record simply do not support this contention. Therefore, this enumeration of error is wholly without merit.

2. The second enumeration of error alleges that the trial court erred in granting Trust Company Bank's cross-motion for summary judgment. Lee has challenged the commercial reasonableness of the sale of the vehicle. " ' "Where the commercial reasonableness of a sale is challenged by the debtor, the party holding the security interest has the burden of proving that the terms of the sale were commercially reasonable and that the resale price was the fair and reasonable value of the collateral. . . . (Cits.)" ' " (Emphasis omitted.) *Branch v. Charlie Pike Chevrolet-Buick* 198 Ga. App. 672, 673 (2) (402 SE2d 544) (1991). In this case, as in *McMillan v. Bank South*, 188 Ga. App. 355 (373 SE2d 61) (1988), Trust Company Bank has shown by submission of the affidavit of an officer of the bank that the sale of the vehicle was conducted by a recognized automobile auction company, and that the price received was within the range articulated in the *Black Book*, a weekly publication relied on by commercial automobile sellers and financial institutions as a guide to wholesale prices. The

price quoted was specifically for the particular year and model of the car repossessed from Lee. Lee's reliance on *Department of Transp. v. Brand*, 149 Ga. App. 547 (254 SE2d 873) (1979) is misplaced. In *Department of Transp.*, evidence of the value of a house based solely on the application of a mechanical formula for determining replacement cost, as set forth in a building manual, was properly excluded. " 'If a secured party disposes of the collateral in conformity with the usual commercial practices among dealers in that type of property, he has sold it in a commercially reasonable manner. OCGA § 11-9-507 (2). [Cit.]' " *McMillan* at 356. Lee failed to file a timely response to Trust Company Bank's cross-motion for summary judgment. Furthermore, no affidavits were ever produced to contradict the affidavit filed by Trust Company Bank.

The trial court, in its April 1, 1991, order and judgment granting Trust Company Bank's cross-motion for summary judgment, recited that "[e]vidence was presented at a hearing that the price obtained for the vehicle at the auction was within the range of commercially acceptable prices for the particular vehicle at the time of the sale." The order further states that Lee did not present any evidence to the contrary, nor is there any in the record before this Court. Since no transcript of the hearing is available for review, we must affirm the trial court's evaluation of the evidence. See *McClaskey v. Jiffy Lube*, 197 Ga. App. 537 (398 SE2d 825) (1990). Trust Company Bank has made a prima facie showing that the sale was reasonable and Lee has failed to assert any specific facts showing a genuine issue for trial. Therefore, the grant of the cross-motion for summary judgment was proper. *Slaughter v. Ford &c. Co.*, 164 Ga. App. 428 (296 SE2d 428) (1982).

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED APRIL 16, 1992.

*Wall & Noonan, W. Alford Wall,* for appellant.
*Stokes, Lazarus & Carmichael, John R. Hunt,* for appellee.