A92A2239. CARLTON MANUFACTURING, INC. v. BAUER.
(429 SE2d 329)

POPE, Chief Judge.

Plaintiff Carlton Manufacturing, Inc. sold a division of the corporation engaged in furniture manufacturing, called Madison House, to Madison House Acquisition, Inc. ("Madison House"). In exchange, plaintiff received a promissory note in the amount of $290,000 and a security interest in the inventory of Madison House. As part of the transaction, defendant Steven K. Bauer, president of Madison House Acquisition, Inc., signed a personal guaranty for the note. Upon the alleged default of Madison House on the note, plaintiff attempted to repossess the collateral but plaintiff's action was stayed when Madison House filed a petition for relief in bankruptcy.

In the bankruptcy case, Madison House entered into a stipulation with plaintiff and the bankruptcy trustee to terminate the stay so plaintiff could repossess and sell the collateral that secured the note. The stipulation contained the conclusion that, due to inadequate provisions for security at the premises where the inventory was stored, it should be abandoned by the trustee and possession given to plaintiff so plaintiff could pursue "any and all actions available at non-bankruptcy law" and "any supplemental action or process required by non-bankruptcy law to protect the [plaintiff's right] to make a deficiency claim against the estate, including but not limited to confirma-

tion of a foreclosure proceeding or making of appropriate notice to the debtor or Trustee of intent to sale [sic] in [a] commercially reasonable fashion. . . ." The stipulation was approved and made an order of the bankruptcy court.

On the same day the bankruptcy court's order was entered, plaintiff filed an action against defendant and the successor in interest to the principal debtor seeking judgment on the promissory note. Plaintiff took possession of the inventory and gave notice to the debtor and the trustee that the goods would be sold at public or private sale. The inventory, including raw materials and finished goods, was sold at private sale to various purchasers including plaintiff, leaving an alleged deficiency which plaintiff sought to recover from defendant guarantor and the debtor. The trial court issued an order granting plaintiff's motion for summary judgment against the debtor but no written order was issued on its motion for summary judgment against the defendant guarantor. Instead, the trial court granted summary judgment to defendant. The trial court concluded that the facts did not show the sale of the collateral was commercially reasonable and further showed that plaintiff failed to give defendant notice of the sale, as required by OCGA § 11-9-504 (3). Thus, the trial court concluded that the presumption arose that the value of the collateral was equal to the indebtedness and determined that plaintiff was barred from recovering a deficiency judgment against defendant because plaintiff failed to rebut the presumption. Plaintiff appeals.

1. Plaintiff first argues the sale was commercially reasonable as a matter of law. OCGA § 11-9-507 (2) provides in pertinent part: "A disposition which has been approved in any judicial proceeding or by any bona fide creditors' committee or representative of creditors shall conclusively be deemed to be commercially reasonable. . . ." Plaintiff argues the bankruptcy court order approving the stipulation by which plaintiff was given authority to repossess and sell the inventory serves as approval of the plaintiff's disposition pursuant to OCGA § 11-9-507 (2). The stipulated order, however, merely authorized plaintiff to conduct a commercially reasonable sale; it did not declare the manner in which plaintiff ultimately conducted the sale to be commercially reasonable. In fact, it did not stipulate the procedure or manner by which the sale should be conducted. By its terms, the order merely authorized plaintiff to repossess and sell the collateral in a manner consistent with non-bankruptcy law; it did not deem the manner later chosen by plaintiff to be in accordance with the requirements of the Georgia Commercial Code. Therefore, the order cannot reasonably be interpreted as advance judicial approval of the sale as contemplated in OCGA § 11-9-507 (2). See *In re Appalachian Pocahontas Coal Co.*, 31 B.R. 579 (S.D. W. Va. 1983) (in which a federal court held that a stipulation entered as an order which, similarly to the order at

issue in this case, permitted certain secured property to be sold by the creditor "did not constitute judicial approval giving rise to a conclusive presumption of commercial reasonableness").

2. Plaintiff also argues that even if the sale was not judicially approved so as to be deemed commercially reasonable as a matter of law, the facts of the record show it was nevertheless commercially reasonable as a matter of fact. We disagree. "When the reasonableness of the sale [of repossessed goods pursuant to OCGA § 11-9-504 (3)] is challenged, the seller of the collateral has the burden of proving that the sale was reasonable. A secured creditor who fails to meet this burden is barred from recovering any deficiency between the sale price and the debt." *Harrison v. Massey-Ferguson Credit Corp.*, 175 Ga. App. 752, 753 (334 SE2d 352) (1985). To meet its burden, plaintiff presented evidence of the bids it solicited from several potential purchasers for certain goods and for other goods it merely presented evidence of the price actually obtained from the purchasers. Such evidence is insufficient to establish the commercial reasonableness of the price received. See *Walker v. Modnar Corp.*, 194 Ga. App. 68 (389 SE2d 558) (1989); *Harrison v. Massey-Ferguson Credit Corp.*, 175 Ga. App. 752 at (1); *Zohbe v. First Nat. Bank of Cobb County*, 162 Ga. App. 604 (1) (292 SE2d 444) (1982).

Moreover, plaintiff, the secured party, was the purchaser of certain raw materials from the debtor's inventory. Pursuant to OCGA § 11-9-504 (3), the secured party is permitted to buy at a private sale "if the collateral is of a type customarily sold in a recognized market or is of a type which is the subject of widely distributed standard price quotations." No showing was made that the inventory purchased by plaintiff met this criteria. In a similar case, this court held repossessed furniture is not a type of goods sold in a recognized market nor a type subject to widely standard price quotations. *Luxurest Furniture Mfg. Co. v. Furniture Warehouse Sales*, 132 Ga. App. 661 (1) (209 SE2d 63) (1974), rev'd on other grounds 233 Ga. 934 (214 SE2d 373) (1975). Likewise, we hold that furniture manufacturing supplies and inventory are not the type of collateral that a secured party is permitted to buy at a private sale pursuant to OCGA § 11-9-504 (3). Thus, the trial court did not err in concluding that the presumption arose that the value of the collateral equals the indebtedness and in holding the plaintiff failed to present evidence sufficient to rebut that presumption.

3. Our Supreme Court has held that "if a creditor fails to give notice *or* conducts an unreasonable sale, the presumption is raised that the value of the collateral is equal to the indebtedness." (Emphasis supplied.) *Emmons v. Burkett*, 256 Ga. 855, 857 (353 SE2d 908) (1987). A second ground for the trial court's grant of summary judgment to defendant was its conclusion that plaintiff failed to notify

defendant of the sale as required by OCGA § 11-9-504 (3). Having already concluded that the trial court's judgment is sustainable based on the lack of commercial reasonableness of the sale, it is unnecessary for us to address the argument that plaintiff was not required to notify the defendant. We note, however, that the requirement of notice to the debtor has also been extended to a guarantor. See *Business Dev. Corp. of Ga. v. Contestabile*, 261 Ga. 886 (413 SE2d 447) (1992).

Moreover, we reject plaintiff's argument that the circumstances of this case place it within the exception to the requirement for notice where "collateral is perishable or threatens to decline speedily in value. . . ." OCGA § 11-9-504 (3). The record shows the stipulated order approving the trustee's abandonment of the collateral acknowledged that evidence was presented showing the collateral was at risk due to a lack of security at the place where the debtor was keeping it. These facts, however, do not create an exception to the notification requirement. Once the trustee abandoned the collateral it was surrendered to the possession and control of the plaintiff and it was plaintiff's duty to provide for its security until it could be sold. See OCGA §§ 11-9-207; 11-9-501 (2). Moreover, "[n]othing in the nature of the [furniture manufacturing inventory] suggests any urgency in disposing of it." *Rock Rapids State Bank v. Gray*, 366 NW2d 570, 573 (Iowa 1985). The record does not show notice was given to defendant guarantor but shows plaintiff gave the principal debtor ten days notice of the sale; therefore it is reasonable to conclude such notice could have been given to defendant.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED MARCH 16, 1993.

*Thomas P. Stamps, Heidi Hughes,* for appellant.
*Alston & Bird, Peter M. Degnan, Lori P. Hughes,* for appellee.