CESSNA FINANCE CORPORATION,
Plaintiff,

v.

Robert C. WALL, Defendant.

No. CA–93–77–ATH(DF).

United States District Court,
M.D. Georgia,
Athens Division.

Aug. 8, 1994.

274

Henry D. Fellows, Jr., Stephen T. LaBriola, Theodore N. Stapleton, Atlanta, GA, for plaintiff.

Joe W. Cook, Stone Mountain, GA, for defendant.

### ORDER

FITZPATRICK, District Judge.

Before the court is Plaintiff's motion for summary judgment. Summary judgment is proper "if . . . there is no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(c). For purposes of summary judgment the district court resolves all reasonable doubts about the facts in favor of the nonmoving party. *Warrior Tombigbee Transport Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir.1983). However, the moving party may provide affirmative evidence demonstrating the inability of the nonmoving party to prove its case at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary judgment is mandated if a party cannot establish the existence of essential elements upon which they carry the burden of proof. 477 U.S. 317, 106 S.Ct. 2548.

Plaintiff alleges, and Defendant admits, that the parties entered into contractual negotiations and consummated purchases of several aircraft. The parties further agree that the defendant executed and delivered continuing guaranties for the repayment of loans associated with the purchases, and they also acknowledge that the defendant later defaulted on the aircraft purchase loans. These contestants even agree that the planes were peacefully repossessed, and that Plaintiff appropriately perfected its security interests in the merchandise. The sole issue that separates the parties is whether Plaintiff conducted a commercially reasonable sale of the aircraft after repossession, and it is this limited matter that the court is called upon to resolve.

While the general rule is that the trier of fact is called upon to determine the commercial reasonableness of a private sale conducted in accordance with the dictates of O.C.G.A. § 11-9-504(3), "[n]evertheless, this issue of fact may be the appropriate subject for summary judgment or directed verdict." *Davis v. Concord Commercial Corp.*, 209 Ga. App. 595, 434 S.E.2d 571, 575 (1993). "Ultimately, the commercial reasonableness of a sale of repossessed collateral may become a question of law: where the creditor shows prima facie that the sale was reasonable, the debtor must support his challenge by asserting specific facts showing a genuine issue remains for trial." *Id.* (citing *Slaughter v. Ford Motor Credit Co.*, 164 Ga.App. 428, 429, 296 S.E.2d 428 (1982)).

Assertions by the debtor that the price obtained at the creditor's sale could have been higher will not, in and of themselves, generate a disputed factual issue. On this point Georgia law is clear:

> The fact that a better price could have been obtained by a sale at a different time or in a different method from that selected by the secured party is not in and of itself sufficient to establish that the sale was not made in a commercially reasonable manner.

*Davis, supra,* 434 S.E.2d at 575 (quoting O.C.G.A. § 11-9-507(2)).

Thus, given the limited nature of the dispute between these parties, this court must first decide whether Plaintiff establishes a prima facie case of commercial reasonableness, and on this matter there is little room for debate. The record in this case indicates that Plaintiff sent, and Defendant received, notices of intention to dispose of repossessed aircraft by negotiated private sale. Second notices were also sent, and included with them were copies of bid solicitation letters sent to many hundreds of aircraft brokers, dealers and other interested parties throughout the United States and Canada. These aircraft were later sold, each to the highest bidder.

A prima facie case of commercial reasonableness having been established, the burden then shifts to the defendant to specify any aspects of these sales that create a genuine, triable issue. Unfortunately for Defendant he appears incapable of proffering any evidence to support his position. Defendant first contends that Plaintiff did not provide notice of the time of the sales as required by O.C.G.A. § 11–9–504(3). While it is true that failure to comply with the notice provisions of § 11–9–504(3) will bar any future recovery, the statute does not demand that the notice meet the exacting standard that Defendant proposes today. In pertinent part O.C.G.A. § 11–9–504(3) states:

> Disposition of the collateral may be made by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place, and terms must be commercially reasonable. Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, ... reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor....

Thus, Plaintiff was not required to specify exactly when the sales would occur: it was enough for Plaintiff to notify Defendant that the sales would occur only after certain dates. The record indicates that Defendant was informed of the relevant date on at least two prior occasions for each aircraft, and so the notice requirement was satisfied.

Defendant also asserts that the method, time, place and terms of the sales were not commercially reasonable, but he provides no specific evidence to support this contention. Indeed, all evidence within the record suggests a contrary conclusion. Defendant was given two notices of the time after which the sales would occur. Private sales and unit sales are authorized by the statute, and "blue book" values for the merchandise indicate that a fair market value was obtained. Defendant contends that he could have obtained a higher price for each aircraft had he sold them himself, but such an assertion cannot infer that Plaintiff acted in a commercially unreasonable manner.

Accordingly, Plaintiff's motion for summary judgment is hereby **GRANTED**. Let the Clerk of the Court enter judgment in the amount $97,198.76 in principal, $24,288.15 in interest accruing until January 15, 1994, $26.56 interest every day thereafter until the time of this judgment, and $12,154.99 in attorney's fees pursuant to O.C.G.A. § 13–1–11.

SO ORDERED.