## A01A0968. COBB v. SMITH.
(547 SE2d 796)

PHIPPS, ·Judge.

Norman Smith filed this action against Arty Cobb, individually and d/b/a Cobb Associates. Cobb appeals a summary judgment award to Smith.

In the complaint, Smith alleged that he and Cobb entered into a joint venture to manufacture and sell printed plastic bags to BellSouth Mobility and that, after receiving payment from BellSouth for hundreds of thousands of the bags, Cobb failed to pay Smith the full amount he was owed.

The trial court awarded Smith summary judgment in the principal amount of $25,382.46 based on its determination that the evidence showed without dispute: that Smith and Cobb entered into a written joint venture contract to sell bags to BellSouth at a price of $119.50 per 1,000 bags; that the contract specified that Cobb as manufacturer was to receive $69.85 per 1,000 bags and that Smith was to receive the remaining $49.15; that 659,000 bags were sold and invoiced to BellSouth at the price specified in the contract; that BellSouth paid Cobb $78,703.50 for delivery of the bags; that Smith was entitled to $32,398.85; and that Cobb remitted only $7,007.39 to Smith, thereby leaving a balance due of $25,382.46.

Cobb claims that the trial court misinterpreted his and Smith's agreement, in that the agreement left open for future negotiation the respective amounts due the parties on the BellSouth contract. We disagree. While recognizing that the parties had not agreed upon the amounts each was to receive for bags to be sold under unbid contracts, the agreement did set forth such amounts for the bags sold to BellSouth. These amounts were correctly stated in the trial court's order.

Cobb also argues that there are material issues of fact on the question of whether Smith is contractually entitled to the sums he seeks to recover, because the parties' agreement provided that Smith would be entitled to these monies only if BellSouth's business was obtained through his efforts, and Cobb has testified that he obtained such business through the efforts of others.

We cannot accept this argument either. Its resolution requires a review of the evidence. In part, the trial court based its judgment on evidentiary stipulations set forth in the transcript of the summary judgment hearing. The transcript of the hearing has not been

included in the appellate record. Therefore, we must assume that the stipulations support the trial court's ruling.[1]

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED APRIL 17, 2001.

*Smith, White, Sharma & Halpern, Jonathan Goldberg*, for appellant.

*Rubin & Hoyt, Robert P. Hoyt*, for appellee.

---

[1] See *Ware v. Fidelity Acceptance Corp.*, 225 Ga. App. 41, 44 (4) (482 SE2d 536) (1997); *Lee v. Trust Co. Bank*, 204 Ga. App. 28, 29 (2) (418 SE2d 407) (1992).