**In re Larry W. TAYLOR, Debtor.**

**Bankruptcy No. 2–86–02040.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

March 8, 1989.

Stephen A. Santangelo, Columbus, Ohio, for Creditor Equitable Federal Sav. Bank.

Lee C. Mittman, Columbus, Ohio for debtor.

Larry E. Staats, Columbus, Ohio, Chapter 7 Trustee.

## ORDER SUSTAINING OBJECTION TO CLAIM OF EQUITABLE FEDERAL SAVINGS BANK

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the merits of an objection by the debtor Larry W. Taylor to the claim of Equitable Federal Savings Bank ("Equitable"). Equitable opposed the objection and the matter was heard by the Court.

The Court has jurisdiction in this proceeding under 28 U.S.C. § 1334(b) and the General Order of Reference previously entered in this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) which this Court may hear and determine.

### FACTUAL AND PROCEDURAL BACKGROUND

The debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on May 27, 1986. The only secured creditor shown on his schedules was Equitable. The security for Equitable's obligation was a 1982 Commodore mobile home, valued by the debtor at $15,000. The debtor further indicated that he intended to retain the mobile home and reaffirm his debt to Equitable. That reaffirmation was never accomplished.

On August 8, 1986 Equitable was granted relief from the provisions of the automatic stay and the mobile home was abandoned from the estate. The debtor received his discharge on September 12, 1986. The trustee in bankruptcy has continued to administer the bankruptcy estate, which is comprised of funds attributable to the compromise of a personal injury claim in favor of the debtor.

The resolution of this objection to Equitable's claim will determine whether or not a surplus will be returned to the debtor after claimants are paid. The possibility of a surplus provides incentive and standing for the debtor to challenge Equitable's claim.

Equitable's proof of claim, filed on June 1, 1987, sets forth an obligation from the debtor to Equitable in the amount of $17,000. The claim is filed as secured, but states that the "collateral has been repossessed but not yet disposed of."

On April 1, 1988 notice was sent to all parties in interest that the trustee in bankruptcy had filed his final report and account. That report proposed that Equitable's claim be treated as fully secured.

Equitable objected to the treatment proposed by the trustee and requested the Court to determine the extent of its secured claim so that it could participate as an unsecured claimant for the excess of its obligation over the value of its security. Following a hearing on that matter on August 9, 1988, the Court found that, at the time of the hearing, Equitable's security had a value of $9,500. The remainder of its claim, in the amount of $7,500, was allowed as a general unsecured claim "unless objected to at a later time."

On November 2, 1988 the debtor objected to the allowance and payment from the estate of any unsecured claim for Equitable. The basis asserted in the objection is that Equitable did not dispose of the collateral as required under Ohio law and, thereby, lost any right to a deficiency claim. In response Equitable asserts that its inability to resell the mobile home was not its fault and should not cause a forfeiture of its right to participate in the distribution from the bankruptcy estate.

On January 12, 1989 the Court held a hearing to consider the debtor's objection to Equitable's claim. At that time the debtor argued that, at the time of his bankruptcy filing, he had valued the mobile home at $15,000 based upon a guidebook to mobile home values. Equitable's motion seeking relief from stay further asserted a value of $16,000 against an obligation of $17,000. On that basis the debtor maintains that any unsecured claim which is properly assertable against the estate should not exceed $1,000. The debtor argues further that because Equitable has not disposed of the collateral in a commercially reasonable manner, it is not entitled to any unsecured claim under the governing provisions of Article 9 of the Uniform Commercial Code, as enacted in Chapter 1309 of the Ohio Revised Code. Because the value of the mobile home appears to have decreased during the pendency of the bankruptcy estate, resolution of the objection may also involve a determination of which party must suffer the economic effect of that depreciation.

At the hearing the only witness appearing for the debtor was his wife. She and the debtor were married in January of 1988. Prior to her marriage to the debtor, but after his bankruptcy filing, she offered to buy the mobile home from Equitable for $12,500 cash. That offer was refused. That refusal to entertain a bona fide offer of $12,500 in late 1986 or early 1987 causes the debtor to assert that any subsequent depreciation in the value of the mobile home should be borne by Equitable.

The only witness for Equitable was an employee who was not familiar with the condition of the mobile home at the time of its repossession. He also had no knowledge whether the debtor had received notice of Equitable's intention to sell the mobile home by sealed bid. No bids were received in that process. Although Equitable's representative described the disposition process generally, he lacked first-hand knowledge of the details of this mobile home's progression through the process, and the dealer who first repossessed the mobile home is no longer in business. The mobile home has been on a sales lot for an extended period of time without any specific attempts to market it.

## ISSUES AT LAW

The issues before the Court are whether Equitable is entitled, under the applicable provisions of the Uniform Commercial Code, to assert a deficiency claim against this estate. If Equitable is so entitled, what is the appropriate amount of such a deficiency claim.

## CONCLUSIONS OF LAW

The filing of a proof of claim gives a prima facie evidentiary effect to the validity and amount of a claim. Bankruptcy Rule 3001(f). That evidentiary effect is overcome, however, when an objecting party comes forth with sufficient evidence to place the claimant's entitlement at issue. Then the burden of going forward with evidence to sustain the claim shifts to the claimant. The burden of persuasion is always on the claimant. *In re All-American Auxiliary Assoc.*, 95 B.R. 540 (Bankr.

S.D. Ohio 1989); 3 Collier on Bankruptcy ¶ 502.01[3], at 502–17 (15th ed. 1988).

The Court finds that the debtor's assertion is undisputed that the mobile home has remained with the secured creditor or its agent approximately two years after its repossession. The Court further finds that that assertion is sufficient to destroy the evidentiary presumption of entitlement to a deficiency claim and to bring into question the appropriateness and reasonableness of Equitable's handling or disposition of its collateral after repossession. *See In re Myers*, 20 U.C.C.Rep.Serv. (Callaghan) 1420 (Bankr.W.D.Va.1976). Therefore, the burden shifts to Equitable to establish its right to the claim asserted. This is also consistent with Ohio law which places the burden of establishing all aspects of the reasonableness of disposition of collateral upon the repossessing creditor. *See Peoples Acceptance Corp. v. Van Epps*, 60 Ohio App.2d 100, 395 N.E.2d 912 (Ohio Ct.App.1978); *Winters National Bank & Trust Co. v. Saker*, 66 Ohio App. 2d 31, 419 N.E.2d 890 (Ohio Ct.App.1979); *United States v. Willis*, 593 F.2d 247, 258 (6th Cir.1979).

Equitable has failed to meet its burden. To prove its entitlement to a deficiency claim Equitable needed to show that its activities relating to proposed disposition of the mobile home since its repossession were commercially reasonable in all respects. *Liberty National Bank v. Greiner*, 62 Ohio App.2d 125, 405 N.E.2d 317 (Ohio Ct.App.1978). Equitable's witness was candid in his admission that he did not know the condition of the mobile home at the time of repossession and did not know whether the debtor had received notice of Equitable's prior attempt to sell the home. He was unable to offer any first-hand knowledge of sales efforts and merely testified to the present condition of the home and to the absence of any bids in an earlier process. The extent of his testimony was insufficient, however, to meet the evidentiary burden required to establish entitlement to a deficiency claim.

Consistent with the foregoing, the debtor's objection to the allowance of any unsecured claim by Equitable is sustained. Equitable's recovery shall be limited to its rights against its collateral. With this finding, consideration of the proper amount assertable as an unsecured claim is unnecessary.

IT IS SO ORDERED.