**In re Ronald Lewis CHERRY, SSN: 221–38–8848, Debtor.**

**Ronald Lewis CHERRY, Plaintiff,**

**v.**

**GENERAL MOTORS ACCEPTANCE CORP., Defendant.**

**No. 89–40756–COL.**

United States Bankruptcy Court, M.D. Georgia, Columbus Division.

June 8, 1990.

James A. Elkins, Jr., Columbus, Ga., for debtor.

W. McCollum Halcomb, Birmingham, Ala., Ernest Kirk, II, Columbus, Ga., for defendant.

## MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

The Debtor filed a case under Chapter 13 of the Bankruptcy Code on June 26, 1989, listing General Motors Acceptance Corp. as an unsecured creditor for a deficiency balance after foreclosure on a vehicle and stating that the creditor claimed a $4,800.00 amount. On October 5, 1989, the creditor filed an unsecured proof of claim for $4,974.38 which, contrary to the requirements of Bankruptcy Rule 3001(c) had no attachments and no indication of how the claimed amount was computed. The standing Chapter 13 Trustee filed an objection, but withdrew the objection after correspondence from the creditor. On January 29, 1990, the Debtor filed the above captioned objection to proof of claim on the basis that it was impossible to determine from the proof of claim how the sum was arrived at and also contending that there was a failure to comply with the Georgia Motor Vehicle Sales Finance Act insofar as notice after repossession is concerned and also alleging that the creditor had failed to sell the vehicle in a commercially reasonable manner. As required by an administrative order of this court, the creditor was notified that an answer to the objection must be served not later than 30 days after

service of the objection. The objection was served by mail January 24, 1990. On March 1, 1990, the creditor served a response to the objection. The administrative order in question and the notice served requires filing of the response with the Clerk's Office within 3 days after it was served. However, the response was not filed with the Clerk's Office until March 12. On March 7, the Debtor requested entry of default.

The Clerk's Office issued a notice of hearing on response to objection of claim and scheduled the same for April 11, 1990. At the request of the parties, the hearing was continued until May 16, 1990. On May 14, 1990, Alabama attorneys for the creditor filed a motion to permit an Alabama attorney to appear *pro hac vice*, but did not schedule the same for a hearing and did not submit a proposed order. Allegedly because of the failure of the court to act on the motion to appear *pro hac vice* prior to the hearing on May 16, the creditor's Alabama counsel engaged local Georgia counsel a few hours before the hearing, sent him some fax copies of documents and sent a local employee of the creditor who had no knowledge of the transaction in question to testify.

The court conducted a hearing on May 16, 1990 at which time the court announced certain Findings of Fact and Conclusions of Law with regard to this objection. The Debtor did not insist upon the default and therefore the court considers that it was waived. The court ruled that the Georgia Motor Vehicle Sales Finance Act did not apply to the transaction in question. It appears that notice dated August 25, 1988 was received by the Debtor and that that notice complies with the requirements of the Uniform Commercial Code as adopted in Georgia and Alabama. The court requested briefs on the issue of burden of proof under the circumstances of the objection made to this proof of claim. Both parties have now submitted briefs, and the court, having considered the evidence, oral argument of counsel, and the briefs issues this Memorandum Opinion.

The Debtor testified that he surrendered the automobile which was pledged as security to the creditor to its Columbus, Georgia location, that he was living in Georgia when he purchased the vehicle, that he gave the creditor a Georgia address, and that he purchased the vehicle in Alabama and made all of his payments to an address in Alabama. He denied receipt or refusal of a certified letter from the creditor after repossession, but admitted receipt of an uncertified notice from creditor after the repossession. Neither party submitted any evidence as to the value of the vehicle at the time of the repossession. The creditor's employee testified that the vehicle was sold as all vehicles repossessed at the Columbus, Georgia, office of the creditor were sold at the Atlanta Auto Auction. There was no testimony as to the amount of any sale or as to the fair market value of the vehicle at the time of the sale. The creditor amended its proof of claim on the day after the hearing to attach a copy of the sales contract and documentation concerning the way that the deficiency balance was arrived at.

Section 502(a) of the Bankruptcy Code provides that:

"A claim or interest, proof of which is filed under Section 501 of this title, is deemed allowed, unless a party in interest ... objects."

The legislative history indicates that the burden of proof on the issue of allowance is left to the Rules of Bankruptcy Procedure. *H.R.Rep. No. 595, 95th Cong., 1st Sess. 353–355* (1977), U.S.Code Cong. & Admin. News 1978, p. 5787. The Bankruptcy Rules do not specifically address this issue, but Bankruptcy Rule 3001(f) provides that:

"A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."

Several bankruptcy courts have addressed the issue of burden of proof on objections to proofs of claim. See, *e.g., In re Orsa Associates, Inc.,* 106 B.R. 418 (Bankr.E.D.Pa.1989); *In re Taylor,* 99 B.R. 371 (Bankr.S.D.Ohio 1989); *In re Lewis,* 80 B.R. 39 (Bankr.E.D.Pa.1987). The court

agrees with Judge Sellers' statement in *In re Taylor, supra* at p. 373 as follows:

"The filing of a proof of claim gives a prima facie evidentiary effect to the validity and amount of a claim. Bankruptcy Rule 3001(f). That evidentiary effect is overcome, however, when an objecting party comes forth with sufficient evidence to place the claimant's entitlement at issue. Then the burden of going forward with evidence to sustain the claim shifts to the claimant. The burden of persuasion is always on the claimant."

In this particular case, the evidence offered by both sides was very unsatisfactory. The law in both Alabama and Georgia requires that a sale be commercially reasonable before a creditor may recover the full amount of a claimed deficiency. *Walker v. Modnar Corp.*, 194 Ga.App. 68, 389 S.E.2d 558 (1989), cert. denied (1990); *Lavender v. AmSouth Bank, N.A.*, 539 So.2d 193 (Ala.1988).

The objection in this case clearly raised the entitlement of the creditor to recover a deficiency balance and the commercial reasonableness of the sale. However, the Debtor produced no evidence whatsoever on that issue. If the Debtor had produced even minimal evidence that suggested that the value of the collateral at the time of the sale was such that the deficiency claimed by the creditor could not have been owed after a commercially reasonable sale, the burden of going forward and of ultimate persuasion would have been on the creditor and the creditor would have failed to carry the burden. However, the Debtor's evidence was directed to the lack of notice. There was no evidence from the Debtor whatsoever with regard to valuation of the vehicle, the commercial reasonableness of any sale, or the computation of the deficiency balance. Therefore, the creditor's proof of claim, as amended, stands as prima facie evidence and the Debtor's objection must be overruled.

SO ORDERED.