**In re LANI BIRD, INC., d/b/a Scenic Air Tours, Debtor.**

**Bankruptcy No. 89–00602.**

United States Bankruptcy Court, D. Hawaii.

June 17, 1991.

T. Irving Chang and Myra M. Kaichi, Honolulu, Hawaii, for trustee.

Enver Painter, Honolulu, Hawaii, for claimant.

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER GRANTING TRUSTEE'S OBJECTION TO CLAIM OF DORIS TOM AND DISALLOWING CLAIM

JON J. CHINEN, Bankruptcy Judge.

The objection of the Chapter 11 Trustee, Paul S. Sakuda, to the claim of Doris Tom, was heard by the undersigned Judge on May 29, 1991. T. Irving Chang, Esq. and Myra M. Kaichi, Esq. appeared for the Trustee; Enver Painter, Esq. appeared for Doris Tom, Claimant; Helen Gillmor, Esq. appeared for John C. Sheblessy and the Estate of Mary Jane Kleve; Patrick Border, Esq. appeared for Michael Statler, Jennifer Wenskunas and the Estate of Mary Karen Statler; and Harold Hoppe, Esq. appeared for the Estate of Peter Anthony Spillane. Doris Tom and Paul S. Sakuda also appeared.

The Court, having considered the evidence presented and taken judicial notice of the records and files of the Court herein, having heard the arguments of counsel,

being fully apprised in the premises, and based upon the credible evidence, finds as follows:

## FINDINGS OF FACT

1. This matter pertains to the allowance or disallowance of the claim of Doris Tom ("Claimant") against the estate.

2. Lani Bird, Inc., dba Scenic Air Tours ("Debtor"), filed a Voluntary Petition under Chapter 11 on September 8, 1989. Pursuant to motions of various creditors, on or about September 13, 1990, Paul S. Sakuda ("Trustee") was appointed Chapter 11 Trustee of Debtor.

3. Stanley S. Wachi, C.P.A., ("Wachi") has served as the certified public accountant ("CPA") for the Trustee since his appointment. Wachi has also served as the CPA for Debtor since its inception, for the Debtor-in-Possession and for the Claimant, individually.

4. The Debtor is a Hawaii corporation, had one class of stock and was capitalized for $1,000.00.

5. As of 1980, Claimant was the Chief executive officer ("CEO") and sole stockholder of Debtor.

6. Claimant reviewed the Debtor's Petition and accompanying schedules and signed the same on September 7, 1989, as president of Debtor. The Schedules do not show any debt owing to Claimant; however, Claimant now claims salaries for the calendar years 1985, 1986, 1987 and the first 2 calendar quarters of 1988.

7. Claimant contends that, during the years 1985 through the first two quarters of 1988, she spent approximately 13 hours per day, 7 days a week, on the business of Debtor but that she did not receive any salary during that period. She contends that she deferred her payment so that Debtor's funds could be used to expand the hangar at the airport and to purchase 7 vans to transport Debtor's passengers.

8. However, Debtor's Board of Directors did not meet during the period in question and there are no minutes establishing Claimant's salary.

9. Debtor's financial statements for the years in question do not reflect a debt or liability owed to Claimant. Likewise, the tax returns do not show any deferred compensation in Claimant's name.

10. At the request of Claimant, on August 6, 1990, Wachi wrote to Jerrold Guben, Esq., then counsel for Debtor-in-Possession, asking if Claimant may claim salaries not received for the calendar years 1985, 1986, 1987 and 1988 for a total of $122,000.00. Wachi testified that this letter did not evidence any entitlement to salary, but merely addressed the reasonableness of the amounts claimed by Claimant.

11. On October 24, 1990, Claimant filed a Proof of Claim for unpaid compensation in the amount of $122,000.00 for the years 1985, 1986, 1987 and 1988. However, Claimant did not attach any supporting documents. Wachi testified that the Debtor had no formal deferred compensation program, nor any deferred pension or retirement plan. He further testified that Claimant's salary was never fixed in the years in question, and was therefore not a liability of the Debtor. He also testified that all decisions concerning Claimant's salary were made by Claimant alone, and that decisions were made unilaterally.

12. Claimant testified that she took salary and bonuses only when the Debtor was profitable and did not take salary or bonuses if Debtor did not earn a profit or needed the funds for corporate purposes. However, in 1984, when Debtor suffered a loss from operations, Claimant did receive a salary in the amount of $60,000.00.

13. To the extent that these Findings of Fact constitute Conclusions of Law, they shall be so deemed.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this District. This matter is a core proceeding which this Court may hear and determine in accordance with 28 U.S.C. § 157(b)(1) and (b)(2)(B).

2. Claimant is an insider, and all claims of insiders are to be carefully scrutinized.

■ 3. Claimant's filing of her Proof of Claim is *prima facie* evidence of the amount claimed. *See In re Paige,* 106 B.R. 346, 349 (Bankr.D.Conn.1989). That evidentiary effect is overcome, however, when an objecting party comes forth with sufficient evidence to place Claimant's entitlement at issue, *Paige, supra,* at 349; *In re Taylor,* 99 B.R. 371, 373 (Bankr.S.D.Ohio 1989), and, ultimately, the burden of proving the claim rests with the Claimant. *Paige, supra* at 349; *In re Colonial Bakery, Inc.,* 108 B.R. 13, 15 (Bankr. D.R.I.1989).

■ 4. To rebut Claimant's *prima facie* evidence of her Proof of Claim, Trustee introduced evidence of financial statements and corporate tax returns for the years in question. None of the financial records documented a debt or liability owed to Claimant. Nor did any deferred compensation in Claimant's name appear in any of the tax returns. And, the Bankruptcy schedules, reviewed and signed by Claimant, do not reflect a liability owed by Debtor to Claimant.

5. Wachi, Debtor's and Claimant's CPA, testified that the Debtor had no formal deferred compensation program, nor any deferred pension or retirement plan, that Claimant's salary was never fixed in the years in question, and was therefore not a liability of the Debtor. Wachi further testified that all decisions concerning Claimant's salary were made by Claimant alone, and that decisions were made unilaterally.

6. Wachi also testified that the letter he drafted on August 6, 1990 did not evidence any entitlement to salary, but merely addressed the reasonableness of the amounts claimed by Claimant.

7. Through the introduction of these documents and testimony, Trustee has successfully refuted the *prima facie* evidentiary effect of Claimant's claim. As stated above, the ultimate burden of persuasion shifted to Claimant to show her entitlement to her claim.

8. Claimant's sole evidence to support her entitlement to the salary requested is her own testimony that she expended approximately 13 hours per day during the years in question. Claimant admitted that there were no corporate formalities followed in receiving a salary in any year, nor were there any corporate formalities taken to evidence a deferral of salary in the years in which none was received.

9. Even Claimant's accountant testified that, notwithstanding his advice to Claimant to accept a salary for these years, Claimant chose not to receive any salary. This explains the lack of any entry recording a liability in her favor. And, the bankruptcy schedules show no debt owed to Claimant.

10. *In re All–American Auxiliary Association,* 95 B.R. 540 (Bankr.S.D.Ohio 1989) is strikingly similar to the case at bar. In that case, the claimant, a former president of the debtor corporation, filed a claim against the debtor's estate for, *inter alia,* unpaid salaries. The claimant failed to attach any documentation evidencing his claim; there was no written employment contract upon which he could rely, nor were there any corporate minutes of the board of directors authorizing payment of salaries to the claimant. The claimant submitted written bookkeeping records to support his claim. However, the claimant admitted that the entries upon which he relied were entered after the applicable pay periods, and in fact, were entered for another legal proceeding to show entitlement to deferred salaries.

11. The Bankruptcy Court held in *All–American* that the self-serving, reconstructed records and the self-serving testimonies presented were insufficient to support the claimant's claim.

12. In the instant case, the Claimant has presented only her own testimony, and has relied upon a letter drafted by her accountant concerning the reasonableness of her fee request, to support her claim. There was no other evidence, written or otherwise, to support Claimant's entitlement to the requested salary.

13. A claim by an insider must be carefully examined, and the obligation of the Debtor to the insider claimant must be established, in the first instance, by credible and reliable evidence. If the debt, liability or obligation of the Debtor to the insider claimant is not established by credible and reliable evidence, the claim must be disallowed. It is only after the debt is established by credible and reliable evidence that § 502(b)(4) and the reasonable value of an insider's services become an issue. *See* 11 U.S.C. § 502(b)(4), *In re All-American Auxiliary Association, Inc., supra.* The record here does not show that Debtor owed Claimant any monies.

14. Because of Claimant's failure to produce any evidence that she is entitled to payment of salary for the years 1985, 1986, 1987 and 1988, and because there was evidence introduced to show that no corporate debt or liability to Claimant existed in those years, Claimant's claim is hereby disallowed.

15. To the extent that these Conclusions of Law constitute Findings of Fact, they shall be so deemed. A Judgment will be issued forthwith.

## JUDGMENT DISALLOWING CLAIM

Pursuant to the Findings of Fact, Conclusions of Law and Order Granting Trustee's Objection to Claim of Doris Tom and Disallowing Claim in the above-entitled case(s),

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that judgment is granted in favor of the Trustee and the claim of Doris Tom is disallowed in its entirety.