Ford Motor Credit Company (FMCC) filed a complaint against Reaver S. Daniel, alleging that Daniel owed $7,417.44 pursuant to an interest-bearing contract for the financing of an automobile. Daniel denied the allegations and filed a counterclaim against FMCC. After an ore tenus proceeding, the trial court granted FMCC a judgment in the amount of $7,500, plus costs. Daniel's motion for a new trial was denied pursuant to Rule 59.1, Alabama Rules of Civil Procedure. *Page 484 
Daniel appeals, contending that the trial court erred in denying her counterclaim because, she claims, FMCC failed to dispose of the repossessed automobile in a commercially reasonable manner. We affirm.
The record reveals that in July 1986 Daniel purchased an automobile, agreeing to pay 48 monthly installments of $284.86. She signed a retail installment contract, which was assigned to FMCC.
Daniel was unable to make the payments on the car, and it was returned to FMCC. She received a notice that the car would be sold by private sale after ten days from the date of the notice unless she redeemed it prior to the sale. The car was sold at a private, wholesale dealers' auction in March 1988 for $3,500. FMCC filed suit to recover the remaining balance pursuant to the contract.
FMCC's representative testified that the dealer auction in Moody, Alabama, was the usual manner of, and a recognized market for, the disposition of repossessed vehicles. He further stated that this method was used nationwide by FMCC, that it had been used during the seventeen years that he had worked for the company, that it was also the method utilized by other automobile financing companies, that it was the method used by Ford Motor Company to sell its own "executive cars," and that FMCC's conduct was commercially reasonable.
Section 7-9-504(3), Ala. Code 1975 (from the Uniform Commercial Code), requires that the sale or other disposition of collateral be reasonable. It provides as follows:
 "Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable."
Section 7-9-507(2) describes a sale in a commercially reasonable manner as follows:
 "The fact that a better price could have been obtained by a sale at a different time or in a different method from that selected by the secured party is not of itself sufficient to establish that the sale was not made in a commercially reasonable manner. If the secured party either sells the collateral in the usual manner in any recognized market therefor or if he sells at the price current in such market at the time of his sale or if he has otherwise sold in conformity with reasonable commercial practices among dealers in the type of property sold he has sold in a commercially reasonable manner."
Although Daniel states that she is aware that low price alone does not establish that a sale is commercially unreasonable, she claims that every aspect of the disposition must be commercially reasonable, including the terms. She citesFirst National Bank of Dothan v. Rikki Tikki Tavi,Inc., 445 So.2d 889 (Ala. 1984), for the proposition that sufficiency of price is one of the terms of the disposition and that it is relevant to whether the sale was commercially reasonable. However, the court in First National Bank
also stated that "disparity in price between the market value of the collateral and the price for which it actually sold is not 'of itself sufficient to establish that the sale was not made in a commercially reasonable manner.' Code 1975, § 7-9-507(2)." Id. at 890. It then referred to the type of sales that determine commercial reasonableness as stated in the statute and found that the sale was conducted in a commercially reasonable manner.
Daniel further claims that, because her son and her friend testified that they would have bid a higher price for the automobile, a higher price could have been obtained if the sale had been open to the public. She states that the purpose of requiring the creditor to give notice of the time, place, and manner of the sale is "to enable the debtor to protect his interest in the property by paying the debt, finding a buyer, being present at the sale to bid on the property or have others do so, in order to keep from sacrificing the collateral at a secret sale at less than its true value." *Page 485 Lavender v. AmSouth Bank, N.A., 539 So.2d 193, 195
(Ala. 1988). However, the Lavender court also states that, while § 7-9-504(3) requires that the debtor be given notice by the secured party of the time and place of any public sale, it requires only reasonable notification of the time after which any private sale is to be made and must identify whether the sale is to be public or private. This information was provided by FMCC to Daniel, and thus FMCC complied with the notice requirements.
Daniel states that the sale price of $3,500 is $2,275 less than the average wholesale price of a similarly equipped vehicle in a similar condition, as listed in the NADA appraisal guidebook, and that other jurisdictions have found that disposition at wholesale dealers' auctions is commercially unreasonable where the realized price is so low. However, such is not the law in Alabama.
The testimony has indicated that the wholesale dealer auction is the usual manner of sale of repossessed automobiles and that it is in conformity with the reasonable commercial practices among dealers in repossessed automobiles, in accordance with § 7-9-507(2). In view of the evidence, of the requirements of the statute, and of the proper notice that was given, we cannot hold that the sale was commercially unreasonable.
Daniel next contends that FMCC's alleged commercially unreasonable disposition of the automobile in violation of §§ 7-9-504 and -507 constitutes a violation of the Alabama Deceptive Trade Practices Act, Ala. Code 1975, § 8-19-5(22). However, in view of our above holding, we hold that FMCC was not in violation of the Alabama Deceptive Trade Practices Act. Therefore, the judgment is due to be affirmed.
AFFIRMED.
THIGPEN, J., concurs.
ROBERTSON, P.J., dissents.