**In re Lester S. BROWN, Jr., Debtor.**

**In re Brad E. PITTMAN, Debtor.**

**Bankruptcy Nos. 96–50239, 96–50704.**

United States Bankruptcy Court,
S.D. Georgia,
Waycross Division.

April 14, 1998.

William R. Little, III, Waycross, GA, for Debtor.

Robert Zipperer, Savannah, GA, for Chapter 13 Trustee.

## MEMORANDUM OPINION

JAMES D. WALKER, Jr., Bankruptcy Judge.

This case comes before the Court on Objection To Deficiency Claim Of Green Tree Financial Corporation. This Memorandum Opinion will resolve the objections in both cases as the issues, relevant facts and law are similar. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(B). After considering the pleadings, evidence and applicable authorities, the Court enters the following findings of fact and conclusions of law in compliance with Federal Rule of Bankruptcy Procedure 7052.

### Findings of Fact

In the case of Lester S. Brown, Jr., the original claim filed by Green Tree Financial Corporation ("Creditor") listed $25,455.68 as the amount owing on a mobile home purchase money debt. After a foreclosure sale, Creditor filed a deficiency claim in the amount of $9,483.43 which would suggest a liquidation value of not more than $15,972.25. Mr. Brown's attorney contends that the NADA value of the mobile home is $20,638. He argues that the foreclosure sale was not conducted in a reasonable manner, and that, therefore, the deficiency claim should be disallowed.

In the case of Brad E. Pittman, Creditor's original claim listed $24,449.55 as the amount owing on a mobile home purchase money debt. After a foreclosure sale, Creditor filed a deficiency claim of $8,356.69 which would suggest a liquidation value of not more than $16,092.86. Mr. Pittman's attorney showed that the NADA value of the mobile home is between $21,000 and $25,000. He argues that the foreclosure sale was not conducted in a reasonable manner, and that, therefore, the deficiency claim should be disallowed.

Creditor failed to appear at the hearing or produce any evidence in support of the reasonableness of the foreclosures in either case. Likewise, neither Mr. Brown nor Mr. Pittman (collectively "Debtors") appeared at the hearing to present any evidence in support of their allegations as to a commercially unreasonable sale, aside from the NADA values offered by their attorney.

### Conclusions of Law

In Georgia, repossessed collateral may be liquidated through a public or private sale, "but every aspect of the disposition including the method, manner, time, place, and terms must be commercially reasonable." O.C.G.A. § 11–9–504(3). When the commercial reasonableness of a sale is challenged, the burden of proof is on the seller to prove the sale was reasonable. *See, e.g., Bryant v. General Motors Acceptance Corp.*, 184 Ga. App. 323, 324, 361 S.E.2d 529, 530 (1987). A secured creditor failing to meet this burden will be barred from recovering any deficiency between the sale price and the debt. *Farmers Bank v. Hubbard*, 247 Ga. 431, 276 S.E.2d 622 (1981).

Here, Debtors contend that foreclosure of their mobile homes was not conducted in a commercially reasonable manner. Debtors further argue that Creditor should be barred from recovery of any deficiency since, by failing to respond to the Objection To Deficiency Claim in both cases, it did not satisfy its burden to prove reasonableness of the sale. The Court disagrees.

If this issue were presented in a state court proceeding, Debtors' might have a valid argument. However, the bankruptcy context adds another step to the analysis. Creditor filed a deficiency claim in both cases. A proof of claim in a bankruptcy case "shall constitute prima facie evidence of the validity and amount of the claim." Fed. R.Bankr.P. 3001(f). This rule has the effect of shifting the burden of proof such that Debtors "bear the initial burden of demonstrating 'by probative force equal to that of the allegations of the proofs of claims themselves'" that Creditor's deficiency claims should not be allowed. *In re Felker*, 181 B.R. 1017, 1020 (Bankr.M.D.Ga.1995) (quoting 3 King, Collier on Bankruptcy ¶ 502.02 (15th ed.1994)). If Debtors meet this initial

burden, "the burden of going forward with evidence to sustain the claim shifts to the claimant." *Cherry v. General Motors Acceptance Corp. (In re Cherry)*, 116 B.R. 315, 317 (Bankr.M.D.Ga.1990) (quoting *In re Taylor*, 99 B.R. 371, 373 (Bankr.S.D.Ohio 1989)).

■ In the present case, Debtors have not presented evidence sufficient to overcome the prima facie validity of Creditor's deficiency claims. The NADA value of each model was the only evidence supplied by Debtors. This evidence, alone, has no bearing on the issue of commercial reasonableness of the sales. NADA values have no relevance unless some evidentiary connection is established with the actual mobile homes in question. For example, the NADA values may have been relevant if evidence had been offered to show that the mobile homes in question were of average value such as the NADA data assumes. Debtors failed to provide any such evidence. Since Debtors have offered no evidence with probative value on the issue of commercial reasonableness, the Court will overrule the Objection To Deficiency Claim in each case.

This Court is guided by Judge Laney's decision in the *Cherry* case previously cited. In that case, the court addressed a similar claim objection. The court found the evidence offered to be insufficient and concluded with the following remarks:

> The objection in this case clearly raised the entitlement of the creditor to recover a deficiency balance and the commercial reasonableness of the sale. However, the Debtor produced no evidence whatsoever on that issue. If the Debtor had produced even minimal evidence that suggested that the value of the collateral at the time of the sale was such that the deficiency claimed by the creditor could not have been owed after a commercially reasonable sale, the burden of going forward and of ultimate persuasion would have been on

the creditor and the creditor would have failed to carry the burden. However, the Debtor's evidence was directed to the lack of notice. There was no evidence from the Debtor whatsoever with regard to valuation of the vehicle, the commercial reasonableness of any sale, or the computation of the deficiency balance. Therefore, the creditor's proof of claim, as amended, stands as prima facie evidence and the Debtor's objection must be overruled.

*In re Cherry*, 116 B.R. at 317.

Here, much like in *Cherry*, Debtors did not present the minimal evidence necessary to overcome the prima facie validity of Creditor's proof of claim. The *Cherry* opinion implies that evidence regarding valuation of the collateral would have been enough to shift the burden of proof back to the claimant. This Court holds that the mere recitation of NADA mobile home values is insufficient for this purpose without some evidentiary connection to the actual mobile homes at issue. Some link must be established in order to successfully shift the burden of proof. Even though this requirement may have been satisfied by Debtors' oral testimony that the mobile homes in question were in average condition, both Debtors were unable to meet even this minimal burden because they did not attend the hearing. While the Court does not draw any negative inferences from Debtors' failure to appear, neither does the Court supply, by assumption, the minimal evidence necessary to shift the burden from Debtors to Creditor.