## 47948. BARNETT v. TRUSSELL FORD, INC.

QUILLIAN, Judge. Trussell Ford, Inc. brought this action in the Oglethorpe Superior Court to recover a deficiency judgment against Polk Ellis Barnett. The facts giving rise to the cause of action are as follows. The defendant purchased a 1969 Ford Mustang from the plaintiff on November 28, 1969. At that time the defendant signed a conditional sales contract for the balance of the purchase price, which instrument was discounted with recourse to C & S Bank. The defendant made regular payments until September 1970 when the automobile was wrecked at which time the defendant stopped payments. Prior to the accident the original insurance placed on the automobile had expired. C & S Bank replaced it with single interest insurance since the defendant did not obtain other insurance coverage.
On October 22, 1970, the defendant met with the collection manager for C & S Bank at which time he was informed that

since payments were past due the 1969 Mustang would have to be repossessed. The defendant authorized C & S Bank to take possession of the Mustang by signing a release entitled "Receipt for Mortgaged Property," and C & S Bank had the 1969 Mustang towed to plaintiff's place of business shortly thereafter. C & S Bank notified the plaintiff that it owed money under the agreement with recourse. The plaintiff paid C & S Bank off on January 5, 1971, and on January 21, 1971 the note was reassigned to the plaintiff. On January 15, 1971, the plaintiff sent a letter to the defendant informing him that it was in possession of the automobile which would be sold unless the defendant paid the account in full or refinanced the automobile; that if the automobile were sold and it brought less than the defendant's indebtedness to the plaintiff, the plaintiff would hold him responsible for the deficiency. The defendant went to the plaintiff's place of business to discuss the matter. The automobile was subsequently sold on February 2, 1971 for $400. This amount being less than the amount owed, the plaintiff brought suit to recover the difference.

The case came on for trial during which at the close of the plaintiff's presentation of evidence the defendant moved for directed verdict. A ruling on this motion was deferred until all the evidence was presented. At the close of all the evidence, both parties moved for directed verdict. The trial judge granted the plaintiff's motion for directed verdict and entered judgment thereon, from which judgment appeal was taken. *Held:*

The defendant postulates the following question for our determination. Does the failure of the secured party, holding a note with recourse from the original holder, to send notice of intent to pursue a deficiency to the debtor under Code Ann. § 96-1007 (Ga. L. 1967, pp. 674, 682) release the debtor from any liability to the original holder of the note for a deficiency resulting after the collateral has been disposed of and the note has been reassigned by the secured party to the original holder?

The plaintiff contends that since it did not have the right to repossess the vehicle in question until January 5, 1971 that its notice given on January 15, 1971 was sufficient to meet the statutory requirements. The statute provides: "When any motor vehicle has been repossessed after default in accordance with Georgia Code Chapter 109A-9—5, the seller or holder shall not be entitled to recover a deficiency against said buyer unless within 10 days after said repossession he forwards by registered

or certified mail to the address of the buyer shown on the contract, or later designated by said buyer, a notice of the seller's or holder's intention to pursue a deficiency claim against said buyer. . . . This section is cumulative of Georgia Code Chapter 109A-9—5, and provides cumulative additional rights and remedies which must be fulfilled before any deficiency claim will lie against a buyer. . .'' Code Ann. § 96-1007 (Ga. L. 1967, pp. 674, 682). In considering a related Act (Ga. Uniform Commercial Code, Ch. 109A-9—5; Ga. L. 1962, pp. 156, 420), this court held: ''. . . the majority of the courts in this country in applying these provisions of the Act have reached the conclusion that the act of the secured party, in selling the collateral without strict compliance with the notice of sale provisions, precludes the purchaser or owner from exercising his right of redemption under Section 109A-9—506, and for that reason the secured party cannot recover for the deficiency.'' *Braswell v. American Nat. Bank,* 117 Ga. App. 699, 701 (161 SE2d 420). Clearly, this same principle is applicable here.

On October 22, 1970, the defendant executed a ''Receipt for Mortgaged Property'' which reads as follows: ''The following described property: Make Ford Year 69 Model [blank] Motor or Serial Number 9T02M131389 Tag Number [blank] being collateral described in and subject of a certain Security Agreement dated 12-2, 1967, between undersigned and C & S Bank (hereinafter called ''Secured Party''), or Secured Party's predecessor in title is hereby freely and voluntarily delivered to Secured Party for the purpose of disposition or retention in accordance with applicable law. Undersigned acknowledges that he is in default under said Security Agreement and that all articles of value owned by or in the custody of undersigned have been removed from the property before this delivery. Undersigned expressly renounces whatever right he may have that the property be disposed of within 90 days hereof. Undersigned represents that said property [blank] was [blank] was not acquired and used primarily for personal, family or household purposes.''

The plaintiff urges that the defendant waived any right he had by the execution of this receipt. However, Code Ann. § 96-1009 (Ga. L. 1967, pp. 647, 683) expressly prohibits any waiver of the provisions of the Motor Vehicle Sales Finance Act (Code Ann. Ch. 96-10; Ga. L. 1967, p. 674; 1970, p. 101). Moreover, the only rights waived by this receipt were the right to possession and to have

the property disposed of within 90 days as provided in Code Ann. § 109A-9—505 (Ga. L. 1962, pp. 156, 424).

As the plaintiff concedes, C & S Bank repossessed the property on October 22, 1970, and the defendant voluntarily allowed this repossession to occur. Thus, notice of intention to apply the deficiency under the Code section must have been given from that date within the time required.

An officer of the bank testified that it was the custom to send out the notice within 10 days after the vehicle was repossessed. However, he could not state with certainty that a notice was sent to the defendant and was able to produce no records from their files of such notice being sent either in the form of a copy of the letter or a receipt from the mail as to the letter in question. The defendant categorically denied that he received any such notice. As to what constitutes reasonable notification, see *Edmondson v. Air Service Co.,* 123 Ga. App. 263 (180 SE2d 589). See also *Smith v. Singleton,* 124 Ga. App. 394 (184 SE2d 26).

The statute makes no mention of sending a notice within 10 days after an interest in the property is acquired. To give the statute a construction contended for by the plaintiff would be to allow a party who is a subsequent holder of the note to give notice 6 months, or perhaps even a year, after the repossession occurred based merely on the fact that party then acquired a right to possession of the vehicle. The statute is clear in its import to protect the debtor by giving him notice within 10 days of the repossession so that he might act to prevent the loss of any rights he might have. Thus, the notice sent by the plaintiff on January 15, 1971, would not serve to breathe life or give any effect to a failure to send notice after the actual repossession took place. The trial judge erred in directing a verdict for the plaintiff.

*Judgment reversed. Bell, C. J., and Deen, J., concur.*

ARGUED MARCH 5, 1973 — DECIDED JUNE 8, 1973.

*Tom M. Strickland,* for appellant.
*Cook, Pleger & Noell, John S. Noell, Jr.,* for appellee.