## 58628. DOUGHTY v. ASSOCIATES COMMERCIAL CORPORATION.

BIRDSONG, Judge.

Doughty appeals the trial court's grant of summary judgment to Associates Commercial Corp., plaintiff below, in a suit for deficiency remaining after repossession and sale of Doughty's truck. The trial court awarded judgment to appellee after considering the pleadings and affidavit of plaintiff-appellee and arguments of counsel, "and specifically Defendant's failure to affirmatively show Plaintiff's [sic] were not entitled as a matter of law to a judgment by counter affidavit or the pleadings, and there remains no genuine issue as to any material fact." We reverse.

On motion for summary judgment, the respondent has no burden at all until the movant has first shown that there is no genuine issue of material fact, *and that he is entitled to judgment as a matter of law.* Code § 81A-156 (c) and (e). In this case, Doughty argued correctly at the hearing on motion for summary judgment that the appellee had not made out a case for summary judgment, in that appellee's own pleadings and affidavits showed that appellee had failed to send Doughty a notice of deficiency within ten days of repossession of the motor vehicle, pursuant to Code § 96-1007. Appellee's vice president affirmed on affidavit that the repossession took place October 31, 1977, and the only notice of deficiency and sale appearing in the record is dated December 27, 1977, nearly two months after repossession. Moreover, the notice which was sent to Doughty does not advise Doughty of his rights of redemption and right to demand a public sale of the truck, as required by Code § 96-1007. Appellee has submitted no brief and has shown nothing which would except it from the requirements of Code § 96-1007. Compliance with Code § 96-1007 is a condition precedent to recovery of any deficiency claim against a defaulting purchaser of a motor vehicle. *Barnett v. Trussell Ford,* 129 Ga. App. 176, 178 (198 SE2d 903); *Gurwitch v. Luxurest Furn. Mfg. Co.,* 233 Ga. 934 (214 SE2d 373). Presumably the sole basis of award to appellee was the fact that Doughty did not submit counter-affidavits to

affirmatively show appellee was not entitled to summary judgment, but since the appellee had not affirmatively shown it *was* entitled to summary judgment as a matter of law and its own pleadings and affidavit showed it was not entitled to judgment, there was no resulting burden on Doughty to submit counter-affidavits or pleadings in opposition to the motion. See *Tally v. Atlanta Nat. Real Estate Trust*, 146 Ga. App. 585, 587 (246 SE2d 700); *Stephens County v. Gaines*, 128 Ga. App. 661 (197 SE2d 424). Code § 81A-156(e), relating to the summary judgment procedure, does not require a respondent to submit affidavits or counter-pleadings in opposition to the motion, unless the motion for summary judgment is "made and *supported as provided in this section,*" which means that the moving party must first make a prima facie case that he is entitled to judgment as a matter of law on the basis of the pleadings and his affidavits (Code § 81A-156(c)).

*Judgment reversed. Quillian, P. J., and Smith, J., concur.*

ARGUED OCTOBER 17, 1979 — DECIDED NOVEMBER 27, 1979.

*Frank L. Derrickson*, for appellant.
*Robert Lipman*, for appellee.