A89A1502. CENTRAL & SOUTHERN BANK OF GEORGIA v. WILLIFORD.
(386 SE2d 668)

SOGNIER, Judge.
The Central & Southern Bank of Georgia (The Bank) brought suit against Roger D. Williford to recover a deficiency balance remaining after the Bank repossessed and sold a customized van purchased by Williford from Ted Wallace Chevrolet-Olds, Inc. (Wallace) and financed by the Bank. The action was tried before a jury, and after the close of the Bank's evidence the trial court granted Williford's motion for a directed verdict on the ground that appellant had failed to comply in timely fashion with the notice provisions of OCGA § 10-1-36. The Bank appeals.

The record reveals that on October 12, 1987, appellee purchased the van from Wallace and executed a conditional sales contract, which was assigned to appellant. The contract provided that appellee was to make monthly payments of $482 to the Bank beginning November 15, 1987. Shortly thereafter appellee began having problems with water leaking into the van, and several attempts were made by

Wallace to correct the problem, apparently not to appellee's satisfaction. On December 23, 1987, appellee, through his attorney, notified Wallace in writing that he had returned the van to Wallace's lot and that he was revoking his acceptance of the van pursuant to OCGA § 11-2-608 on the ground that it did not conform to the contract because of substantial defects. A copy of the letter was mailed to the Bank. At that time, appellee had made both the November and December payments. Wallace thereafter made further efforts to correct the defect and notified appellee by letter dated January 22, 1988 that the van had been repaired and he could pick it up. No reply was made by appellee, and on January 26, 1988, after appellee had failed to make the January payment pursuant to the contract, appellant repossessed the van from Wallace's lot, notifying appellee on the same day by certified letter of its intent to seek a deficiency.

Appellant contends the trial court erred by granting appellee's motion for a directed verdict because notice was timely given pursuant to OCGA § 10-1-36. We agree and reverse.

Appellant's right to self-help repossession derived from OCGA § 11-9-503, which provides that "[u]nless otherwise agreed a secured party has *on default* the right to take possession of the collateral." (Emphasis supplied.) OCGA § 10-1-36 provides, in pertinent part, that "[w]hen any motor vehicle has been repossessed *after default* in accordance with [OCGA § 11-9-501 et seq.], the seller or holder shall not be entitled to recover a deficiency against the buyer unless within ten days after the repossession he forwards by registered or certified mail to . . . the buyer . . . a notice of the seller's or holder's intention to pursue a deficiency claim against the buyer." (Emphasis supplied.) Appellee was not in default on the contract on December 23, 1987, when he left the van at Wallace's lot. Thus, appellant had no right, under the provisions of OCGA § 11-9-503, to repossess the van at that time. On January 16, 1988, when appellee failed to make his January payment on time, appellant acquired its right to repossess the vehicle pursuant to OCGA § 11-9-503. It exercised this right on January 26, 1988, and the notice required by OCGA § 10-1-36 was sent in timely fashion on that date. Nothing in *Barnett v. Trussell Ford*, 129 Ga. App. 176 (198 SE2d 903) (1973), relied on by appellee, requires a different result. The *Barnett* court held only that when the debtor is in *default* and the right to repossess exists, no distinction should be made between repossession and voluntary surrender with regard to triggering the running of the ten-day period within which the required notice must be sent.

Accordingly, as the notice required by OCGA § 10-1-36 was timely sent, we hold the trial court erred by granting appellee's motion for a directed verdict.

*Judgment reversed. Banke, P. J., and Pope, J., concur.*

Decided September 6, 1989 —
Rehearing denied September 19, 1989 —

*J. David McRee*, for appellant.
*James W. Smith*, for appellee.