## A90A0078. SIKES & SWANSON PONTIAC-GMC TRUCK, INC. v. CANTRELL.
### (392 SE2d 36)

DEEN, Presiding Judge.

The appellant, Sikes & Swanson Pontiac-GMC Truck, Inc., sold a vehicle to the appellee in January 1987. The sale was financed by the First National Bank of Atlanta, and the appellant signed a recourse guaranty with that bank. In January 1988 the appellee left the car with the appellant for repair work and later decided to leave it there and allow repossession by the bank. The appellee notified the bank of her intentions; on January 20, 1988, the bank acknowledged that notification and informed the appellee that the bank was giving her the opportunity to reconsider by not placing the account into "repo status" until January 30, 1988.

The bank did not actually retrieve the car until March 17, 1988, and made its first attempt to satisfy the notice requirements of OCGA § 10-1-36 on the following day. (A second notice of repossession, right to redeem, and intention to pursue deficiency was sent on September 16, 1988.) There was a deficiency when the bank resold the car, and the appellant paid the deficiency pursuant to the recourse guaranty.

The appellant then commenced this action against the appellee to recover the amount of the deficiency. This appeal follows the trial court's grant of summary judgment for the appellee. *Held*:

OCGA § 10-1-36 provides that when a motor vehicle has been repossessed, the seller or holder cannot recover a deficiency against the buyer unless within 10 days of the repossession he notifies the buyer by registered or certified mail of the intent to pursue a deficiency. Compliance with this Code section is a condition precedent to recovery of any deficiency. *Doughty v. Assoc. Commercial Corp.*, 152 Ga. App. 575 (263 SE2d 493) (1979).

In the instant case, the trial court concluded that the repossession occurred in January 1988, not when the bank physically removed the car from the appellant's premises, and that the bank therefore had not complied with the 10-day notice requirements of OCGA § 10-1-36. We agree. Accordingly, since the bank could not have pursued a deficiency against the appellee, neither could the appellant, whose rights were derivative of the bank's.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED MARCH 12, 1990.

*Macklyn A. Smith, Sr.*, for appellant.

*John E. Stell, Jr.*, for appellee.