## A90A2124. BRANCH v. CHARLIE PIKE CHEVROLET-BUICK, INC.
### (402 SE2d 544)

CARLEY, Judge.

After the sale of a repossessed automobile, appellee-plaintiff initiated this deficiency action against appellant-defendant. Appellant answered and cross-motions for summary judgment were subsequently filed. Appellant appeals from the grant of summary judgment in favor of appellee.

1. Relying upon *Sikes & Swanson Pontiac-GMC Truck v. Cantrell*, 194 Ga. App. 818 (392 SE2d 36) (1990), appellant urges that a genuine issue of material fact remains as to the date of repossession and the timeliness of compliance with the notice requirements of OCGA § 10-1-36.

As in *Cantrell*, there is evidence that possession of the automobile was surrendered to the dealership from which it had been pur-

chased. However, this is the only factual similarity. Here, there is no evidence that the automobile was surrendered to the dealership for the purpose of allowing repossession by the secured party. Instead, the evidence shows that the surrender of possession was effectuated for the purpose of having the dealership sell the vehicle on appellant's behalf. Thus, unlike *Cantrell*, the dealership was merely appellant's consignee for the attempted sale of the vehicle and was not the secured party's agent for the purpose of repossession. Moreover, unlike *Cantrell*, there is no evidence that the secured party was immediately apprised of the surrender of possession of the automobile to the dealership and acknowledged that fact or acquiesced in it. Instead, the evidence shows that, within ten days of exercising its right to repossession due to a default in payment, the secured party sent the notice mandated by OCGA § 10-1-36. It follows that no genuine issue of material fact remains as to the date of repossession and the timeliness of compliance with the statutory notice requirements.

2. " '*Where the commercial reasonableness of a sale is challenged by the debtor*, the party holding the security interest has the burden of proving that the terms of the sale were commercially reasonable and that the resale price was the fair and reasonable value of the collateral. . . . [Cit.]' [Cit.]" (Emphasis supplied.) *Bryant v. Gen. Motors Acceptance Corp.*, 184 Ga. App. 323, 324 (1) (361 SE2d 529) (1987). In the instant case, appellant did *nothing* in the trial court which could be construed as a challenge to the commercial reasonableness of the sale of the automobile. It follows that appellant failed to render commercial reasonableness a material fact in the instant case and that the absence of evidence as to that issue is no ground for reversing the trial court's grant of summary judgment in appellee's favor. Compare *Friddell v. Rawlins*, 160 Ga. App. 44, 45 (2) (285 SE2d 779) (1981).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 22, 1991.

*Waymon S. Harrell*, for appellant.
*Kushinka, Calhoun & Godwin, Fred E. Godwin, Jr.*, for appellee.