A97A1352. WELCH v. FORD MOTOR CREDIT COMPANY.
(490 SE2d 206)

RUFFIN, Judge.

Clyde Welch defaulted on his debt to Ford Motor Credit Company ("FMCC"), which financed his purchase of a truck. FMCC repossessed and sold the truck, then filed this action for a deficiency judgment against Welch to recover the remaining debt. Invoking the provisions of OCGA § 10-1-36, Welch claimed that FMCC's failure to notify him within ten days of the repossession that it intended to seek a deficiency prevented the creditor from doing so. The trial court granted summary judgment to FMCC. Because we find a genuine issue of material fact exists as to when the repossession occurred, we reverse the trial court's judgment.

The issue in this case is whether FMCC met the statutory prerequisite to a deficiency action. OCGA § 10-1-36 states in relevant part: "When any motor vehicle has been repossessed after default in accordance with [OCGA § 11-9-501 et seq.], the seller or holder shall not be entitled to recover a deficiency against the buyer unless within ten days after the repossession he forwards by registered or certified mail to the address of the buyer . . . a notice of the seller's or holder's intention to pursue a deficiency claim against the buyer. The notice shall also advise the buyer of his rights of redemption, as well as his right to demand a public sale of the repossessed motor vehicle."

"This court considers de novo the entire record before it on review of denial of a motion for summary judgment in order to determine if there were genuine issues of material fact which would preclude summary judgment or whether, instead, any such disputes were immaterial and movant [FMCC] was entitled to summary judgment as a matter of law. [Cit.]" *Cambridge &c. Ins. Co. v. Okonkwo*, 218 Ga. App. 59, 61 (1) (460 SE2d 302) (1995). Here, the record is undisputed that Welch defaulted on his agreement with FMCC by failing to make a necessary payment and that he voluntarily surrendered his truck to FMCC by leaving it at the dealership from which he purchased it. In an affidavit, Welch claims he delivered the truck to the dealership on May 31, 1995. However, FMCC's customer service representative testified that business records showed Welch did not return the car to the dealership until June 6, 1995. On June 2,

1995, an FMCC representative wrote Welch to inform him, "you've broken your contract. . . . If you don't pay the TOTAL AMOUNT NOW DUE [overdue payments and late charges totaling $440.54] by the cure date [June 12, 1995], we plan to repossess the above described property." On June 14, 1995, FMCC sent Welch the notice required by OCGA § 10-1-36.

This Court has held that a voluntary surrender of an automobile will trigger the ten-day notice requirement so long as, at the time the debtor surrendered the vehicle, the debtor was in default and the creditor had the "right to repossess" the vehicle. See *Central &c. Bank v. Williford*, 192 Ga. App. 843, 844 (386 SE2d 688) (1989); *Barnett v. Trussell Ford, Inc.*, 129 Ga. App. 176, 179 (198 SE2d 903) (1973). It is undisputed that Welch was in default when he surrendered the vehicle. However, the parties dispute when that surrender occurred and when FMCC's "right to repossess" the truck arose. If FMCC had the "right to repossess" the truck on May 31, 1995, when Welch contends he surrendered it, its notice sent on June 14 was untimely. Therefore, to determine the materiality of the dispute over the date of surrender, we must determine whether FMCC had the right to repossess the truck on May 31.

Pursuant to OCGA § 11-9-503, "[u]nless otherwise agreed a secured party has on default the right to [repossess] the collateral." The trial court found FMCC had no right to repossess the truck until June 12, 1995, at the end of the "cure" period provided for in FMCC's June 2, 1995 letter to Welch. We do not find this letter dispositive. As far as the record before us shows, nothing in the contract between FMCC and Welch required FMCC to provide Welch a ten-day period to "cure" his default. Therefore, if Welch surrendered the vehicle on May 31, FMCC on that date had the right to repossess it.

FMCC's unilateral statement on June 2 of its intention to grant Welch a ten-day "cure" period did not stop the running of the ten-day notice period. As we have found, "[t]o give the statute a construction contended for by [FMCC] would be to allow a party who is a . . . holder of the note to give notice 6 months, or perhaps even a year, after the repossession occurred based merely on the fact that party then acquired a right to possession of the vehicle. The statute is clear in its import to protect the debtor by giving him notice *within 10 days of the repossession* so that he might act to prevent the loss of any rights he might have." (Emphasis supplied.) *Barnett*, supra. Similarly, the statute does not appear to allow a creditor to unilaterally "toll" the ten-day requirement in the method FMCC has urged. Because the date Welch surrendered the vehicle is disputed, and we find this factual dispute crucial to the outcome of this case, we reverse the trial court's grant of summary judgment to FMCC.

*Judgment reversed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 5, 1997.

*Donald R. Donovan,* for appellant.
*Bridgers, Stringfellow, Bland & Peters, Henry R. Stringfellow,* for appellee.