In re Wayne M. CHAMBLISS, Michelle D. Chambliss, Debtors.

Wayne M. Chambliss, Michelle D. Chambliss, Movants,

v.

Oakwood Acceptance Corporation, Respondent.

No. 01–11856.

United States Bankruptcy Court, S.D. Georgia, Augusta Division.

March 25, 2004.

---

**168**

Angela McElroy, Augusta, GA, for Debtors.

### ORDER

JOHN S. DALIS, Bankruptcy Judge.

The Debtors, Wayne and Michelle Chambliss ("Debtors"), filed this Chapter 13 bankruptcy case on June 25, 2001. Oakwood Acceptance Corporation ("Oakwood" or "Creditor") was listed as a credi-tor. Under stay relief granted by this court, Oakwood repossessed the Debtors' mobile home and notified them that it intended to sell the home. On June 9, 2003, Oakwood filed an amended proof of claim in the bankruptcy proceeding reflecting a deficiency balance owed by Wayne Chambliss related to the repossession and sale of the mobile home. The Debtors filed an objection to Oakwood's amended proof of claim on July 10, 2003, and a hearing was held on the objection on December 1, 2003. At the hearing the parties' counsel indicated that they wished to submit briefs, and that they would submit a joint stipulation of facts because no facts were at issue. I took the matter under advisement at that time, and the parties filed briefs on two issues. The first issue, whether Oakwood's post-repossession notice to the Debtors was timely, is a question of law and no further hearing is necessary. The second issue, whether Debtors' counsel received a copy of Oakwood's amended proof of claim, is a question of fact, however, and requires a hearing. Oakwood's post-repossession notice to the Debtors was timely under both federal and Georgia law, and the Clerk is directed to set a hearing date for the remaining issue. This court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334 and § 157(b)(2)(B).

On March 5, 2001, Wayne Chambliss and Oakwood entered into a Manufactured Home Retail Installment Contract for the purchase of a 1996 Skyline mobile home ("mobile home"). The contract contained a default clause that stated:

NOTICE OF DEFAULT: If you are in default we will send you a Notice of Default and Notice of Right to Cure Default ("Notice") when required by law. The Notice will explain why you are in default and how you can cure it. We will not accelerate the unpaid balance of this Contract, repossess or fore-

close on any Property until after we send you the Notice and any cure period it describes has passed.

Oakwood Letter Brief at 1. The Debtors filed for bankruptcy relief on June 25, 2001. On January 28, 2002, due to default in payments, Oakwood filed a motion to modify the automatic stay. On March 8, 2002, I granted the relief requested by Oakwood and lifted the automatic stay in regards to the mobile home. Oakwood sent a thirty (30) day Notice of Default and Right to Cure letter to Wayne Chambliss on March 21, 2002. At the end of the thirty (30) day period, Oakwood repossessed the mobile home, and sent a ten (10) day Notice of Intent to pursue a deficiency claim letter to Mr. Chambliss on April 23, 2003. On June 9, 2003, Oakwood filed its amended proof of claim for a deficiency balance of forty two thousand forty seven dollars and ten cents ($42,047.10). The Debtors filed an objection to the amended proof of claim on July 10, 2003.

■ A proof of claim is prima facie evidence of the claim's validity and amount. Fed. R. Bankr.P. 3001(f). Such claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). The party objecting to the claim bears the initial burden of presenting sufficient evidence to overcome the presumed validity and amount of the claim. *In re Pacific Arts Publishing, Inc.*, 198 B.R. 319, 321 (Bankr.C.D.Cal.1996) (citations omitted); *In re Challa*, 186 B.R. 750, 754 (Bankr. M.D.Fla.1995); *In re Clements*, 185 B.R. 895, 898–99 (Bankr.M.D.Fla.1995). Affirmative proof must be offered to overcome the presumed validity of the claim. *Id.* If the objecting party overcomes the prima facie validity of the claim, then the burden shifts to the claimant to prove its claim by a preponderance of the evidence. *Id.*

■ The Depository Institutions Deregulation and Monetary Control Act of 1980 ("DIDMCA" or "Act"), codified at 12 U.S.C.A. § 1735f–7 note, is a federal statute that

> expressly preempts all state laws that limit the interest rate chargeable in connection with loans creating first liens on residential real property and mobile homes, provided the terms and conditions of the loans comply with the regulations promulgated by the Federal Home Loan Bank.

*Atkinson v. General Electric Credit Corp.*, 866 F.2d 396, 397 (11th Cir.1989) ("*Atkinson*"). DIDMCA was enacted at a time when the interest rates permitted by state usury laws were so low compared to market interest rates that mortgage financing was scarce and housing unavailable to many who needed it. *Moyer v. Citicorp Homeowners, Inc.*, 799 F.2d 1445, 1446 (11th Cir.1986) ("*Moyer*"). With the Act, financiers were allowed to charge market rates which Congress hoped would help the struggling housing market. *Id.*

■ In order to be free from state usury restrictions, creditors have to follow regulations promulgated under DIDMCA. Before accelerating a debt or repossessing property upon default, a creditor must first meet the notice requirements promulgated by the Act. A creditor is required to give a debtor thirty (30) days notice that the debtor is in default and has a right to cure. 12 C.F.R. § 590.4(h). If the debtor cures, then the contract is no longer in default, and the creditor cannot accelerate the debt or take other actions against the debtor's property. *Id.* "State usury laws are preempted under DIDMCA when the contract meets requirements of the [Federal Home Loan Bank Board]." *Atkinson*, 866 F.2d at 397. However, a contract does not have to have the exact same wording as 12 C.F.R. § 590.4(h) to qualify for pre-

emption. *Id.* at 398. If the contract refers to the buyer's right to be notified of default and right to cure, it is consistent with 12 C.F.R. § 590.4(h). *Moyer,* 799 F.2d at 1450–1451. A seller under this type of contract is preempted from state usury law, but is also required to meet all the notice requirements of DIDMCA.

█ Financing of motor vehicle sales in Georgia is governed by the Motor Vehicle Sales Finance Act ("MVSFA"). O.C.G.A. § 10–1–30 *et seq.* The MVSFA is applicable to mobile homes. *Holder v. Brock,* 129 Ga.App. 732, 732, 200 S.E.2d 912, 913 (1973). Section 10–1–36(a) of the MVSFA addresses recovery of a deficiency against a buyer after repossession and sale of the motor vehicle. O.C.G.A. § 10–1–36(a). A seller cannot recover a deficiency against a buyer unless within ten (10) days of the repossession the seller notifies the buyer by registered or certified mail of the intent to pursue a deficiency claim. *Id.* "Compliance with this Code section is a condition precedent to recovery of any deficiency." *Sikes & Swanson Pontiac-GMC Truck, Inc. v. Cantrell,* 194 Ga.App. 818, 818, 392 S.E.2d 36, 36 (1990).

█ "No inconsistency exists in applying both DIDMCA and Georgia law." *Atkinson,* 866 F.2d at 399 (the contract in that case had a default clause that fell under DIDMCA and a Georgia choice of law clause). In *Moyer,* the notice provision of the contract fit into the DIDMCA requirements, but there was also language saying "where notice is required by the Uniform Commercial Code, five days will be considered reasonable." *Moyer,* 799 F.2d at 1450. The Eleventh Circuit Court of Appeals held that the Uniform Commercial Code ("UCC") language in the contract did not conflict with DIDMCA be-

cause the UCC provision only dealt with notice after foreclosure; DIDMCA "speaks only to procedures to be followed *prior* to foreclosure." *Id.* at 1450–1451 (emphasis in original). Like the UCC language in the contract in *Moyer,* the notice requirements of the MVSFA only apply to procedures that take place after repossession. O.C.G.A. § 10–1–36(a) ("When any motor vehicle has ben repossessed...the seller...shall not be entitled to recover a deficiency...unless within 10 days after the repossession he or she forwards...notice...").

█ "When a motion is based on facts not appearing of record the court may...direct the matter to be heard wholly or partly on oral testimony." Fed. R.Civ.P. 43(e).[1] "[T]he trial judge is best able to assess the credibility and evidentiary content of the testimony of the witnesses before him." *In re Hawley,* 51 F.3d 246, 248 (11th Cir.1995); *see also In re Hammons,* 614 F.2d 399, 402–403 (5th Cir.1980) ("The bankruptcy judge...hears the witnesses, makes credibility determinations, and resolves conflicts in the proof."). Affidavits alone are insufficient. *In re Daddy's Money of Clearwater, Inc.,* 187 B.R. 750, 754 (M.D.Fla.1995). In routine matters, such as motions for relief from stay, the use of affidavits alone as evidence is appropriate because only a prima facie evidentiary showing is required. *In re Applin,* 108 B.R. 253, 257 (Bankr. E.D.Cal.1989). However, when a party is bearing the ultimate evidentiary burden, preponderance of the evidence, an evidentiary hearing with oral testimony is necessary. *Id.*

█ The first issue presented by the parties is whether Oakwood's post-repossession notice of intent to pursue a defi-

---

**1.** Federal Rule of Civil Procedure 43 is applicable to this case pursuant to Federal Rule of Bankruptcy Procedure 9017. Fed. R. Bankr.P. 9017.

ciency claim was timely sent to the Debtors. The Debtors argue that the ten (10) day period indicated in the MVSFA began when Oakwood had the right to repossess the mobile home. The argument continues that Oakwood received this right on March 8, 2002, when I lifted the automatic stay. Because Oakwood did not send the post-repossession notice until April 23, 2002, more than ten (10) days after March 8, the requirements of the MVSFA were not met, and Oakwood cannot collect a deficiency.

The ten (10) days given by the MVSFA to sellers for sending post-repossession notice to debtors does not begin when the seller has the right to repossess the property, as the Debtors argue, but when the seller actually repossesses the property. O.C.G.A. § 10–1–36(a). The MVSFA states "[w]hen any motor vehicle *has been repossessed*" the seller has to send notice to the buyer within ten (10) days or the seller can not recover a deficiency. *Id.* (emphasis added). Further, after the stay is lifted, the parties' transactions are governed by the law they were under before the Bankruptcy Code was applied to them. *In re Kahihikolo*, 807 F.2d 1540, 1542 (11th Cir.1987).

When the stay was lifted, Oakwood was returned to the relationship it had with the Debtors before they filed bankruptcy. The Manufactured Home Retail Installment Contract between Oakwood and Wayne Chambliss falls under DIDMCA because the Notice of Default clause refers to the buyer's right to be notified of default and right to cure. Oakwood was required to comply with DIDMCA and give Mr. Chambliss thirty (30) days Notice of Default and Right to Cure. It was not until the expiration of those thirty (30) days that Oakwood could repossess the mobile home. After complying with federal law, Oakwood repossessed the mobile home and sent the post-repossession notice to Mr. Chambliss within ten (10) days of repossession, as required by the MVSFA. Because Oakwood has complied with both federal and state law, I find that its post-repossession notice was timely.

■ The second issue addressed by the parties is the Debtors' counsel's claim that she did not receive a copy of Oakwood's amended proof of claim as required by Local Bankruptcy Rule 3001–1(c).[2] Debtors argue that because their counsel did not receive a copy of the amended proof of claim, Oakwood's claim should be disallowed. Counsel's allegation that she did not receive the amended proof of claim is sufficient to put the claim at issue. The ultimate burden is now on Oakwood to prove by a preponderance of the evidence that it did comply with the requirements of Local Bankruptcy Rule 3001–1(c). Because the determination of this issue requires proof by preponderance of the evidence, an evidentiary hearing is required. The affidavit Oakwood attached to its letter brief is insufficient to decide this issue of fact. The Clerk will set a hearing date to determine this issue.

It is therefore ORDERED that Oakwood's post-repossession notice to the

---

**2.** 3001–1(c): Service: All creditors and their counsel who file a proof of claim in this Court are hereby directed to serve by First Class Mail a true copy of said proof of claim and all attachments there to upon the debtors' counsel of record at the address of said debtors' counsel shown on the Notice of the Creditors Meeting convened pursuant to 11 U.S.C.

§ 341. The filing of such a proof of claim shall constitute a certificate by said creditor and/or its counsel that this order has been complied with. Said creditors and/or their counsel are, however, directed not to file any separate certificate of service in the Clerk's Office.

Debtors was timely. The Clerk is directed to set hearing on the remaining issue of whether the claim should be disallowed based on the failure of Oakwood to comply with LBR 3001–1(c).