**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**March 13, 2013**

# In the Court of Appeals of Georgia

A12A2350. RICH v. FORD MOTOR CREDIT COMPANY, LLC.

BRANCH, Judge.

Wayne Rich appeals an order of the Superior Court of Dougherty County granting summary judgment in favor of Ford Motor Credit Company, LLC (FMCC) in FMCC's suit to recover the deficiency on a retail installment contract. We find no error and affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). We review a grant or denial of summary judgment de novo and construe the evidence in the light most favorable to the nonmovant. *Home Builders Assn. of Savannah v. Chatham County*, 276 Ga. 243, 245 (1) (577 SE2d 564) (2003).

In support of its motion for summary judgment, FMCC submitted the affidavit of Lorrie Rowe, an employee with personal knowledge of the underlying facts and the business records maintained by FMCC pertaining to Rich's contract. The documents referenced in the affidavit are attached thereto. This evidence shows that on March 28, 2006, Rich entered into a retail installment contract with Team Ford Northpoint to purchase a 2006 Ford F-250. Thereafter, the seller transferred the contract to FMCC. As of September 2, 2011, Rich was in default under the contract because of a failure to pay, and, in accordance with the contract, FMCC repossessed the truck that day. On September 7, 2011, FMCC prepared and mailed to Rich by certified mail, with sufficient postage thereon, a "Notice Of Our Plan To Sell Property And Intention To Pursue A Deficiency Claim." FMCC never received a response from Rich, and it thereafter took the vehicle to a private auction for sale. The truck had been driven 170,862 miles, and it sold at auction for $11,000. FMCC determined that based on the contract, the deficiency was $14,238.20, and it brought suit for that amount plus attorney fees, costs and interest.

Based on the above evidence, FMCC moved for summary judgment. In response, Rich argued only that FMCC failed to send the notice required by OCGA § 10-1-36 within 10 days of the repossession. Rich sought summary judgment on the

same ground. The trial court granted summary judgment in favor of FMCC. On appeal, Rich raises the same argument.

OCGA § 10-1-36 (a) requires a creditor to give notice of intent to pursue a deficiency judgment "within ten days after the repossession":

> When any motor vehicle has been repossessed after default in accordance with Part 6 of Article 9 of Title 11, the seller or holder shall not be entitled to recover a deficiency against the buyer unless within ten days after the repossession he or she forwards by registered or certified mail or statutory overnight delivery to the address of the buyer shown on the contract or later designated by the buyer a notice of the seller's or holder's intention to pursue a deficiency claim against the buyer. . . .

Citing *Sikes & Swanson Pontiac-GMC Truck v. Cantrell*, 194 Ga. App. 818 (392 SE2d 36) (1990), Rich contends the date of repossession should be the date the creditor placed the account in "repo status." But *Cantrell* is not controlling because in that case, the debtor surrendered the vehicle to the dealership for the purpose of allowing repossession by the secured party. Id. And "a voluntary surrender of an automobile will trigger the ten-day notice requirement so long as, at the time the debtor surrendered the vehicle, the debtor was in default and the creditor had the right to repossess the vehicle." (Citations and punctuation omitted.) *Welch v. Ford Motor Credit Company*, 227 Ga. App. 904, 905 (490 SE2d 206) (1997).

3

In the present case, the undisputed facts show that FMCC forwarded the required notice on the fifth day following the physical repossession of the truck. There is no evidence in the record that Rich surrendered his truck voluntarily, and Rich's attempt to introduce evidence by way of his brief is not authorized. "[E]xhibits attached to appellate briefs are not evidence, nor are they considered part of the record." (Footnote omitted.) *Cox v. Southern Guaranty Ins. Co.*, 254 Ga. App. 776, 778 (2) (563 SE2d 882) (2002). See also Court of Appeals Rule 25 (c) (2) (i). Here, based on the evidence of record, FMCC provided timely notice under OCGA § 10-1-36 (a). See, e.g., *Branch v. Charlie Pike Chevrolet-Buick*, 198 Ga. App. 672, 673 (1) (402 SE2d 544) (1991). Accordingly, the trial court did not err by granting summary judgment in favor of FMCC.

*Judgment affirmed. Miller, P. J., and Ray, J., concur.*

April 5, 2013

ON MOTION FOR RECONSIDERATION

On motion for reconsideration, Rich contends the exhibit attached to his brief was in the record. But the document attached to his brief contains handwritten annotations not found on the document in the record, and therefore he is incorrect. More importantly, the document does not raise an issue of fact regarding when FMCC placed the account in "repo status," as Rich contends.